PEOPLE ex rel. HEISER v. GILON et al.

(Supreme Court, General Term, First Department. February 17, 1893.)

CHANGE OF STREET GRADE—AWARD OF DAMAGES.
    Under Laws 1872, c. 729, § 1, which directs the board of assessors of the
city of New York to assess the amount of damages which the owners of
buildings on a certain street may have sustained by reason of a change of
grade, and which requires the board to file with the finance department a
just and equitable statement and award of the amount of such damage, the
board need not furnish a bill of particulars of the items comprising the ag-
gregate award, or state the methods by which they arrived at their con-
clusion.

Appeal from special term, New York county.
    Certiorari by Frederick S. Heiser, as executor, etc., of Christina E.
Smith, deceased, against Edward Gilon and others, as the board of as-
sessors of the city of New York, and Theodore W. Meyers, comptroller
of said city, to review an award made by the board as to the damages sus-
tained by relator's estate by change of grade of Eighth avenue. From
an order modifying the writ of certiorari, relator appeals. Affirmed.

    In the year 1857 Mrs. Christina E. Smith, of whose will relator is the executor,
became, by purchase, the owner of certain lots between and on Ninety-First and
Ninety-Second streets, in the city of New York. A portion of the property pur-
chased, comprising eight lots, extended the whole length of the block between
Ninety-First and Ninety-Second streets, on Eighth avenue; and at the corner
of Ninety-Second street, standing upon a portion of two lots, Mrs. Smith, in
the year 1861, built a dwelling house. There were, from time to time, up to
the year 1875, changes of the grade of Eighth avenue authorized, of which au-
thorized changes two were physically worked. The last of these changes in
the grade of Eighth avenue was authorized by chapter 593 of the Laws of
1870; the grade, under the provisions of this last act, being considerable
lowered. While the work of regrading Eighth avenue under the act of
1870 was still in course of completion, the legislature passed a law (chapter
729 of the Laws of 1872) which has been, and now is, the authority under which
the assessors have acted, and the appellants litigated their claim for damage
through our courts, back and forth, for nearly 20 years. The act referred to is,
in terms, as follows: "Section 1. The board of assessors of the city of New
York are hereby authorized and directed to assess upon the property intended
to be benefited by the regulating, grading, and improving Eighth avenue,
between Fifty-Ninth street and One Hundred and Twenty-Second street, the
amount of damage or injury which each owner of a building or buildings erected
on land fronting on said avenue or street has or will sustain or suffer by rea-
son of such changes of grades and plan of improvement of said avenue hereto-
fore authorized or directed to be made by the legislature, or any officer or board
in the city of New York, and shall make and file in the finance department of
said city a just and equitable statement and award of the amount of such dam-
age, loss, or injury to the owner or owners of such building or buildings on lands
fronting on such street or avenue, and opposite thereto, and affected by such
change of grade; and the amount of such award shall be included in the ex-
pense of regulating, grading, and improving said avenue; and, with such expense
for regulating, grading, and improving said avenue, shall be assessed, as pro-
vided in and by the one hundred and seventy-fifth section of the act of April 9,
one thousand eight hundred and thirteen, entitled 'An act to reduce the several
laws relating to the city of New York into one act.' Sec. 2. The comptroller
of the city of New York is hereby authorized and directed to issue assessment
bonds of said city to pay the amount of such loss or damage so assessed by
said board of assessors, together with such an amount as may be necessary to pay
the expenses or costs that have been, or may hereafter be, necessary for the
regulating, grading, and improving said avenue." Under the provisions of
this act the former board of assessors made an award, afterwards set aside by
the court of appeals; and under that decision the present board of assessors
proceeded to take proof of damage alleged to have been suffered by the appel-

lants, and make an award therefor. At the first hearing before the board of assessors a stipulation was made that the transcript of the stenographer's minutes of the evidence taken should be sworn to by the witnesses on the part of the claimant and on the part of the city at the close of the hearing, and before submission to the board of assessors. This stipulation was observed. Sessions extended over a period intervening between June 29, 1891, and December 23d of the same year. The award itself was not made until May 6, 1892. The award being unsatisfactory to the claimant, he applied, ex parte. for a writ of certiorari to review the action of the board of assessors. A writ was granted by Mr. Justice Lawrence on the 21st day of July, 1892. Upon application made in behalf of the assessors, Justice Andrews granted an order to show cause why the writ granted by Mr. Justice Lawrence should not be amended by striking therefrom so much of it as required the assessors, "fully and specifically, to state and certify whether, in making the statement and award filed by them with the said comptroller, they allowed, or declined to allow, as proper elements of damage, and, if they did so allow, in what sum, and in what manner, the following several items of damage, loss, or injury suffered or sustained by the said relator, and whether or not, and how much, if any, they have awarded for each thereof, to wit: (1) The damage to the house by the different changes of grade; (2) the expense of reducing the surface of the land to the grade of the avenue; (3) the expense of protecting the land by a wall, and of building steps; (4) the amounts paid for assessments for grading, as evidence of the amount of damage to that extent, and as part of the damages; (5) the difference in the value of the property at the reduced grade and at its original grade; (6) the injury caused by the disorder of the avenue while the different grades were being executed; and, also, (7) whether or not, in making such statement and award, they considered the benefits to said property arising by said changes of grade, and, if so, in what manner and amount, and to what extent; (8) whether or not, in making said statement and award, they considered the damage to the property as a plot of ground bounded by Eighth avenue, Ninety-First and Ninety-Second streets, as in the claim set forth, or only part thereof, and what part; (9) whether or not they considered the damage to the land appurtenant to the house as one messuage, or to the two lots on which the house stood, or to the house alone; (10) in making said statement and award, from what elevation to what depression, in feet and inches, the said board considered the grade of said avenue had been reduced, and what different changes of grade in said avenue they so considered; (11) whether or not, in making said statement and award, they considered the evidence produced by the municipality as to the damage caused by changes of grade; (12) whether or not, in making said statement and award, they estimated the change of grade from its natural elevation, or from the grade established by any law, and, if the latter, what law or grade; (13) whether or not they considered that the elimination of view had from said premises, caused by the change of the grade, was a damage, and, if so, how much they awarded the relator therefor." The motion came on to be heard at a special term, before Mr. Justice Beach, upon whose decision an order was entered, amending the writ by striking out all of the matter complained of. From this order of Mr. Justice Beach, the claimant appeals.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

H. M. Whitehead, for appellant.

Wm. H. Clark, (James M. Ward and Terence Farley, of counsel,) for respondents.

PER CURIAM. We do not think that the board of assessors should be required to give a bill of particulars of the items composing the aggregate award, or to state the methods by which they have arrived at their conclusion.

The order appealed from should be affirmed, with $10 costs.