(18 Misc. Rep. 530.)

PEOPLE ex rel. WIEBUSCH & HILGER CO., Limited, v. ROBERTS.

PEOPLE ex rel. JEWELERS' CIRCULAR PUB. CO. v. SAME.

(Supreme Court, Special Term, Albany County. November, 1896.)

TAXATION—STOCK OF CORPORATIONS—REVIEW ON CERTIORARI.

　　Under Laws 1889, c. 463, § 20, providing that, on certiorari to review the comptroller's readjustment of the account of taxes due from a corporation on its capital stock, he shall make return of the account and of all evidence submitted

to him, the comptroller cannot be required to show, by further return, the items of the capital stock, where he has returned all the proceedings had before him, including the evidence and the account as determined by him, fixing the total amount of capital stock on which taxes are to be paid.

Certiorari by the Wiebusch & Hilger Company, Limited, and by the Jewelers' Circular Publishing Company, to review a readjustment by James A. Roberts, comptroller, of the tax due on the capital stock of relators. Relators move that respondent be ordered to make a further return to the writ. Denied.

Edwin L. Cole, for the motion.

G. D. B. Hasbrouck, Dep. Atty. Gen., opposed.

PARKER, J. The comptroller, in pursuance of the provisions of chapter 542 of the Laws of 1880, as amended, settled and determined the amount of taxes to be paid by each of the relators for the year ending November 1, 1895. Subsequently, under section 19 of said act, as amended by chapter 463 of the Laws of 1889, a rehearing was petitioned for, granted, and had, upon which evidence was taken, and the taxes originally determined by the comptroller were revised and readjusted. In the Wiebusch & Hilger Company matter,—which will alone be referred to, as the facts in each case present precisely the same question,—the comptroller, in settling and determining the amount of taxes to be paid by that corporation, made his decision in writing, from which the following is taken:

"That on or about the 20th day of November, 1895, the relator made a report to the comptroller, Exhibit A of the petition herein, made a part hereof, * * * and that from said report * * * the comptroller did, on or about the 20th day of November, 1895, make and settle an account for taxes against said relator upon its franchises, measured by its capital stock employed within the state for the year ending November 1, 1895, in the sum of $345, said tax having been measured by the capital stock employed within the state, appraised at $230,000."

After the rehearing was had before the comptroller, at which witnesses were sworn, and the evidence given by them taken down, the taxes originally determined by the comptroller were revised and readjusted, and his decision thereon reduced to writing, from which the following is taken:

"And, the said comptroller having heard proofs offered on behalf of the Wiebusch & Hilger Company, Limited, in support of said application, and after due consideration thereof, the comptroller does hereby determine that the assessment heretofore made against the said Wiebusch & Hilger Company, Limited, for the sum of $345, should be reduced to the sum of $290.10, which said sum of $290.10 is hereby determined as the amount which said Wiebusch & Hilger Company, Limited, is liable to pay under the provisions of chapter 542 of the Laws of 1880, and the acts amendatory thereof, for the year ending November 1, 1895."

Thereafter proceedings by certiorari were instituted under section 20 of chapter 463 of the Laws of 1889, for the purpose of reviewing, upon the law and the facts, the determination of the comptroller. The comptroller made return to the writ of all the proceedings had before him, including the relator's report, the evidence submitted to the comptroller, whether oral or documentary, together with the decisions thereon made by him, which were in writing, and from which quotations have been made. These motions have for their purpose the pro-

curing of further return in each of the cases, which shall severally set forth each of the items and their several valuation of the capital stock which in each case made up the aggregate sum or basis of capital stock employed in this state, and upon which, at the tax rate used, the comptroller determined the tax to be paid severally by the relators for the year or years for which they were taxed upon such rehearing. In other words, the relator contends that a return is insufficient which contains all the evidence and proceedings taken and had before the comptroller, together with his decisions, from which it appears that from such evidence, taken as a whole, he finds the basis upon which the tax shall be computed to be $———; that the return should, in addition, contain a statement pointing out the specific money or property upon which the tax is based.

The suggestion of relator's counsel, that the absence of such information in the return may work injustice to relators, seems not well founded. It is made to appear by the return, and from the written determinations of the comptroller made a part thereof, that such determinations were founded upon the report and evidence, oral and documentary, returned by him. Necessarily, therefore, there will be before the court in these proceedings the facts upon which the comptroller based his decisions, and, if such decisions are not supported by the facts as returned, the court will make the necessary corrections. But, were it otherwise, the relators would not seem to be entitled to the order asked for. The comptroller seems to have made return of all those things which he is required to return by the statute. No attempt was made in the moving affidavits to show that any facts were omitted from the returns which were before the comptroller, or that the decisions as made embraced any other or further particulars than such as are contained in the decisions returned by him. In effect, therefore, it is sought by these motions to compel the comptroller to add items and particulars to the decisions made by him before these proceedings were instituted, and then to return them. I find no authority for such an order. What the comptroller has done in the adjustment of taxes is a subject of review by the courts. To the working out of that end he may be required to return the evidence and proceedings before him, together with his decisions. But the courts cannot, in advance of his decision, prescribe for the making of schedules and the tabulation of figures. Nor can it require him to do so after the decision, because it will be convenient for the court or the relator to have him do so. Having made his decision, he cannot be required to amend it or alter it under the guise of a motion to amend the return.

The attention of the court is called to a suggestion of the court of appeals, in People v. Roberts, 145 N. Y. 375, 40 N. E. 7, that "it will greatly facilitate the court, in deciding this class of cases, if the return sets forth the items of the appraisal." But the court did not have before it the question now under consideration nor did it intend to convey an intimation in favor of the practice which the relators seek to inaugurate. The motion should be denied.

Motion denied.