We think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.    All concur.

---

(25 App. Div. 22.)

BOARD OF WATER COM'RS OF VILLAGE OF PHILMONT v. SHUTTS et al.

(Supreme Court, Appellate Division, Third Department.    January 20, 1898.)

1. EMINENT DOMAIN — REPORT OF COMMISSIONERS — CONCLUSIVENESS — STATEMENT OF ITEMS.

Under Code Civ. Proc. § 3371, providing that, upon the filing of the report of commissioners appointed to condemn real property, any party may move for its confirmation, and that the court may confirm the report, or may set it aside for irregularity or for error of law, or because the award is excessive or insufficient, a report cannot be sent back for amendments or for supplementary proceedings unless there is cause to believe that the commissioners have made a material error, which neither their report nor their minutes disclose; and where parties are merely dissatisfied with the awards, and there is no contention that there was any error, it is error to send the report back to the commissioners for an itemized statement of the elements entering into the awards.

2. SAME—ORDER REFERRING REPORT BACK—APPEALABLE ORDER.

An order at a special term sustaining a motion to send back the report of commissioners appointed to condemn real property, for the purpose of having them embody in said report an itemized statement of the elements entering into the awards, and which thus delays a motion by one party to confirm the report, affects a substantial right of the latter party, and is therefore appealable, under Code Civ. Proc. § 1356.

Appeal from special term.

Action by the board of water commissioners of the village of Philmont against John Shutts, Jr., and others, to ascertain the compensation to be made for real property taken for public use.    To the action of the court in sustaining defendants' motion to send back to the commissioners their report, for supplementary proceedings, plaintiff appeals.    Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

L. F. Longley, for appellant.
John D. Bell and John Cadman, for respondents.

LANDON, J.    The appellant moved at special term to confirm the report of the commissioners.    The report is regular in form, and the proceedings which led to it were also regular.    The report states the amount awarded to each respondent, but does not state the items of the award.    The respondents insisted at special term that in the absence of any statement in the report of what specific elements of alleged damage the commissioners considered, and upon which of them they made an allowance, and how much, and which of them they rejected, and whether they rejected them upon the law or the facts, they could not present to the court, in an accurate or intelligible form, their objections to the confirmation of the report.    Upon their motion, the court made the order appealed from, thus postponing the motion for the confirmation of the report.

The appellant had previously acquired a small lake for the purpose of supplying the village of Philmont with pure and wholesome water, and had constructed a dam at its outlet, by means of which the outflow of the water into a small stream would be suspended in the dry seasons. The land of one respondent adjoins the lake. The stream takes its rise from the outlet of the lake, and flows through his lands, and then, one after the other, through the lands of the other respondents. The stream is further supplied from springs along its course. The report states:

"That the plaintiff desires and intends to condemn and acquire the permanent right to prevent said overflow of water into said stream, except at such times when there shall be a surplus of water in said lake beyond and in excess of the needs of the plaintiff for its own use for the purposes set forth in the petition."

Much testimony was directed to the question whether, without the outflow from the lake, the defendants' lands had a sufficient supply of water for the cattle usually pastured thereon.

Section 3371, Code Civ. Proc., provides that:

"Upon filing the report of the commissioners, any party may move for its confirmation * * * and upon such motion the court may confirm the report, or may set it aside for irregularity, or for error of law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient."

Section 3382 provides that:

"Where the mode or manner of conducting all or any of the proceedings therein is not expressly provided for by law, the court, before whom such proceedings may be pending, shall have the power to make all necessary orders, and give necessary directions to carry into effect the object and intent of this title, and of the several acts conferring authority to condemn lands for public use, and the practice in such cases shall conform as near as may be to the ordinary practice in such court."

The appellant urges that the proceeding being statutory, and section 3371 requiring the court, upon the motion to confirm, either to confirm the report or to set it aside, the order sending it back to the commissioners was unauthorized; that section 3382 does not apply, since the mode or manner of conducting the proceeding upon the motion to confirm is expressly provided for by section 3371. The appellant cites In re Brooklyn El. R. Co., 80 Hun, 355, 30 N. Y. Supp. 131; Railroad Co. v. Hammond, 77 Hun, 39, 28 N. Y. Supp. 454; Railroad Co. v. Corey, 5 How. Prac. 177. But neither of these cases decides this question. The respondents cite In re Troy & B. R. Co., 22 Hun, 176; In re New York El. R. Co., 35 Hun, 414. In each of these cases an order was made, pending the decision upon the motion to confirm the report, sending the proceeding back to the commissioners for their further report,—in the first case, as to the principle upon which they made their award; and in the second case, as to what easements they made their award upon. No question was before the court, upon appeal, as to the propriety of either order. It is not contended that any error appears upon the face of the report, or that any error was in fact made by the commissioners in the principle of their award, or that they excluded any element of damage which they should have included. The respondents are dissatisfied with the

amount of the award, and they have instituted this supplemental experiment, hoping to find thereby something to their advantage. We do not say that no case can arise in which the court may not send back a report, regular upon its face, requiring the commissioners to specify in a supplemental report such particulars as will indicate the elements of the damage they have awarded, or the principle upon which they have made their award, or both. The award may be so large or so small as to suggest error in some of these respects. The record may suggest, but not show, it. Perhaps facts outside of the record may be shown by affidavit, tending to show it. The inherent power of the court is, no doubt, adequate to enable it to secure such obtainable facts as are necessary to an intelligent decision. But we think the report should not be sent back unless it is at least made to appear to the court that there is probable cause to believe that the commissioners have made a material error, which neither their report nor their minutes disclose. Such probable cause is not here shown. We do not think the report should be sent back merely because a party to it is dissatisfied, and hopes to be able, by compelling the commissioners to respond to the questions inserted in the order, to discover some ground for opposing its confirmation. If the order should be granted in this case, the precedent would seem to justify the like application in nearly every case, upon the application of the discontented party, upon his affidavit characterizing the award as too large or too small, and his ignorance of its principle, or the elements of damage omitted from or included in it. We must hesitate in sanctioning such practice.

It is urged that this is an interlocutory, discretionary order, upon a question of practice, in a special proceeding, not affecting a substantial right, and therefore is not appealable. Code Civ. Proc. § 1356. It is the substantial right of the plaintiff to have its motion to confirm passed upon by the court, unless sufficient cause to the contrary is shown, and not to be delayed or embarrassed by experimental proceedings, for which no probable justifying cause is shown.

Order reversed, with $10 costs and disbursements. All concur.