### In re ARMORY BOARD.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

EMINENT DOMAIN—CONTIGUOUS LOTS—"PLOTTAGE VALUE"—VALUATION OF
BUILDINGS.

    An owner of contiguous lots sought to be condemned for public pur-
poses is entitled to the value of his lots considered as one parcel, thus
including their "plottage value," but is not then entitled to the full value
of each building on each lot, which buildings would have to be de-
stroyed to give the land plottage value, or he may have the value of
each lot and each building, in which case he is not entitled to an allow-
ance for plottage.

Appeal from special term, New York county.

In the matter of the application of the armory board relative to
acquiring title to certain lands. From an order of the special term
(72 N. Y. Supp. 37) in part refusing to confirm the report of com-
missioners, applicant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON,
O'BRIEN, and LAUGHLIN, JJ.

T. Connoly, for appellant.
H. W. Bookstaver, for respondent Young Men's Christian Ass'n.
H. B. Twombly, for respondent Goodridge.
J. C. Shaw, for respondent Haven.

PATTERSON, J. This appeal is from an order made at the
special term confirming in some respects, and refusing to confirm
in others, the report of commissioners of estimate appointed in the
above-entitled matter, which is a proceeding taken by the armory
board, under the provisions of chapter 212 of the Laws of 1898, to
acquire title to lands on Lexington avenue and Twenty-Fifth and
Twenty-Sixth streets, in the Eighteenth ward of the borough of
Manhattan, in the city of New York. The land sought to be ac-
quired consisted of a number of city lots upon which buildings of

a certain character were erected. It appears by the damage map filed by the commissioners that it was proposed to acquire 35 separate lots. Ten of those lots fronting on Lexington avenue, 13 on Twenty-Fifth street, and 12 on Twenty-Sixth street; such lots being of different dimensions. The properties on Lexington avenue are respectively known by the street numbers 60, 62, 64, 66, 70, 72, 74, 76, and 78; on Twenty-Fifth street the numbers are 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, and 127; and on Twenty-Sixth street the properties are known as 106, 108, 110, 112, 114, 116, 118, 120, 122, 124, 126, and 128. Mrs. Margaret A. Goodridge, individually and as executrix of Margaret E. Adriance, deceased, owned or had a beneficial interest in the properties Nos. 113 and 115 East Twenty-Fifth street, and Nos. 62, 68, and 70 Lexington avenue, and an interest in Nos. 117 to 127 East Twenty-Fifth street. The Young Men's Christian Association of the city of New York is the owner of lots Nos. 72, 74, 76, and 78 Lexington avenue, and the properties Nos. 124, 126, and 128 Twenty-Sixth street, in the rear of the Lexington avenue lots; the properties owned by the Young Men's Christian Association covering an area of 80 feet on Lexington avenue by 125 feet on East Twenty-Sixth street. Fanny A. Haven and others are the owners of the properties 105 and 107 East Twenty-Fifth street. Each of the lots included in the area affected by the proceeding has built upon it a separate building. In making their estimates for awards, the commissioners ascertained the value of each lot separately, and the value of each building separately, and awarded to the owner the combined values of each lot and the building thereon.

Those who have been hereinbefore specifically named as owners of two or more adjoining lots contended before the commissioners that they were entitled to something more than the value of each lot and the building thereon; that by the fact of their being owners of contiguous lots, which could be utilized as large blocks of land, their properties had an additional value from that circumstance alone; and that such additional value should be allowed in enhancement of the awards made them. This additional value seems to have received the designation of "plottage." The commissioners refused to entertain this claim, and the property owners asserting it excepted to their refusal to allow it. Upon the motion to confirm the report of the commissioners, the court at special term sustained the exception, and sent that report back to the commissioners, with instructions to allow to those owners "an additional" sum for plottage; thus instructing them not only to allow the full value of each lot and each building, but also an additional sum by reason of the adventitious circumstance of the claimants being the owners of two or more adjoining lots.

That there exists in certain parts of the city of New York, in connection with the ownership of land, such a thing as plottage value, is conceded by all the parties hereto; but, so far as our knowledge and experience extend, it is an element of value in proceedings of this character with which the courts heretofore have not been called upon to deal. We cannot, of course, take judicial no-

tice that it attaches to any particular properties. What it is, we can only know from evidence. From that contained in this record we find that it is an added percentage to the aggregate value of two or more lots held in one ownership, and that it arises from the fact that such lots thus held in ownership may be utilized for large buildings, and to a much greater advantage than if each lot were separately built upon. What the characteristics of plottage are, and whether adjoining lots can thus be advantageously used, must depend upon facts and conditions pertaining to each parcel; and, as said before, the general nature of the plottage right is also a matter of which the court can only be informed by the testimony of those acquainted with it. The great preponderance of testimony before the commissioners in this proceeding was to the effect that plottage value attached only to vacant lots, or to lots valued irrespective of the buildings upon them, separately considered. To utilize the whole area of contiguous lots for a single structure, the separate buildings standing upon the separate lots must be demolished. Such buildings would then be valuable only as old material. True, that in such a proceeding as this the owner of the lots may claim the value of all his lots combined, with the superadded plottage value; but, if he makes such a claim, it must be under the conditions which would authorize the enhancement of value. If the claim is made in that aspect, the commissioners of estimate have the right to take into consideration all the facts concerning the situation of the land and the nature of plottage. They are not bound to award the separate value of each lot, and the separate value of each building on each lot, and then to add a further percentage of value of land which cannot be used as the site of a single building without the destruction of structures already existing. But these commissioners have been peremptorily required to do that very thing by the order of the special term. They are not allowed to exercise any judgment at all in the matter. If the owner does not elect to present his claim for his land as an entirety, but prefers it as one for the value of each lot and the building on that lot, when he is awarded the combined values of lot and building he is apparently getting the full compensation which the law requires to be made when property is taken by proceedings in eminent domain. Undoubtedly the owner is entitled to compensation for his property on the basis of an award for the best use to which that property can be put, but it is the most available use to which it can be put in the form in which it exists at the time the property is taken or title is acquired thereto by the city. If the definitions of plottage value as given by the witnesses in this proceeding are correct, and if that value only arises from the fact of the adaptability of the land to the construction of a single large building, it necessarily follows that one element of that value must be the suitable condition of the land for the construction of that building. In other words, the owner may present his claim for the value of his lots considered as one parcel, and thus entitle himself to the plottage value; and the commissioners may determine what compensation shall be made for buildings or structures on the property in view

of the nature of the claim as presented. They will not necessarily be bound to award the full value of each building on each separate lot. The value of a building as a separate structure depends in some respects upon the uses to which it may be put, its rentals, its availability for residential or business purposes as it stands, and not necessarily upon any other single consideration. The owner may also present to the commissioners his claim for the value of each lot and each building, and when he is awarded compensation therefor he is receiving, as before remarked, all that he is entitled to.

In this case the owners named above have chosen to set up their claims and have received the awards for each separate lot, and each building on each separate lot; and having presented their claims in that form, and having been awarded what the commissioners have determined to be just compensation, we think they are entitled to no more, and that the order of the special term sending the report back to the commissioners must be reversed, and their report confirmed as it was made, with costs to the city of New York against the respondents. All concur.