**WATERFORD ELECTRIC LIGHT, HEAT & POWER CO. v. REED et al.**

(Supreme Court, Appellate Division, Third Department. March 8, 1905.)

**1. EMINENT DOMAIN—PROCEDURE—COMMISSIONERS' REPORT—STATUTES.**
   Code Civ. Proc. § 3382, provides that in condemnation proceedings, where the mode of conducting the proceedings therein is not expressly provided by law, the court may make all necessary orders and give necessary directions to carry into effect the object and intent of the title, and of the several acts conferring power to condemn lands for public use. Section

3371 authorizes the court, on motion for confirmation of the report of commissioners, to confirm the report, or to set it aside for irregularity or for error of law in the proceedings before the commissioners, or on the ground that the award is excessive or insufficient. *Held* that, where no question is raised as to the regularity of the manner of conducting the proceedings resulting in the report of the commissioners, the general powers given to the court by section 3382 are not broad enough to warrant an order sending a report back to the commissioners for correction, and requiring them to state the grounds on which they base their decision as to the amount of the award and the value of the property separately.

2. SAME—IRREGULARITY—REMEDY.

Under Code Civ. Proc. § 3371, giving the court power, on motion for confirmation of the report of commissioners in condemnation proceedings, to confirm or set aside the report, the remedy for any irregularity or error of law in the proceeding before the commissioners is to set the report aside, and not to send it back to the commissioners for correction.

Appeal from Special Term, Rensselaer County.

Condemnation proceedings by the Waterford Electric Light, Heat & Power Company against Kate E. Reed and others. From an order sending a report of the commissioners back to them for correction, plaintiff appeals. Reversed.

The order appealed from is one sending a report of commissioners appointed in condemnation proceedings back to them for further report. The appellant is an electric lighting company, having a contract with the village of Waterford for the lighting of the streets and public buildings in said village, and claims the right, under chapter 446, p. 404, of the Laws of 1896, to acquire such real estate as may be necessary for the purposes of its incorporation, which are the "manufacturing and using electricity for producing light, heat and power and in lighting streets, avenues, public parks and places and public and private buildings," in certain villages and towns within the state, including the town and village of Waterford. It is authorized by chapter 164, p. 366, Laws 1901, to construct a dam across the Hudson river between the towns of Halfmoon and Schaghticoke, on lands owned by it, or which it shall purchase or acquire, in such towns; to forever maintain such dam; and to set the waters of said river back upon such lands. The defendants are the owners of a farm on the east side of the Hudson river, in the town of Schaghticoke; and this proceeding was instituted by the petitioner to condemn, among other lands, a narrow strip of said lands of the defendants, bordering on the river, to enable the plaintiff, on building its dam across the river below defendants' lands, to set the waters of the river back thereon. The defendants interposed an answer contesting the rights of the plaintiff to condemn the lands in question. The issue raised by such answer was tried before a referee, who reported that the plaintiff was entitled to judgment condemning such lands for the public use specified in its articles of incorporation, and to carry out its contract with the village of Waterford, upon making compensation therefor, and judgment upon such report was thereupon entered accordingly. A commission was then appointed to ascertain the compensation to be paid for the property so to be taken, which, after viewing the premises and hearing the testimony of the respective parties, made their report, by which they determined that the compensation which ought justly to be made to the defendants by the plaintiff for their property to be taken was the sum of $100. Defendants filed exceptions to the report, and the plaintiff made a motion for the confirmation of it. During the pendency of the proceeding, and subsequently to the filing of the notice of the pendency thereof, the defendants conveyed all their interest in the lands in question to one Charles R. Salisbury. On the hearing of the motion to confirm before the Special Term, the defendants objected to the confirmation, and asked that the report be vacated and set aside, on various grounds. The court thereupon made the order appealed from, which sends the report back to the commissioners for correction, and requires them to state in their report the grounds upon which they base their

decision as to the amount of the award and the value of the property separately: "First. As to whether or not they considered the value of the property for dam purposes. Second. As to whether or not they considered the value of the property for farm purposes. Third. As to whether or not they took into consideration and based their decision upon the depreciation in the value of the farm by reason of the taking of this property from the farm. Fourth. That they report as to whether or not they considered the question that the plaintiff took the absolute title to the lands, or whether it only took the right to use the same, and that the defendants would still have the right to use the land subject to the use by the plaintiff for dam purposes. Fifth. Whether or not they took into consideration the fact that subsequent to the commencement of these proceedings a deed of the lands in question, delivered to George Salisbury, had transferred the title to him; and whether or not they made any difference on that account, and, if any difference was made, whether the award was less or greater on that account."

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Thomas O'Connor, for appellant.
John B. Holmes, for respondents.

CHESTER, J. The practice which appears to have been followed in some cases of sending a report of commissioners in condemnation proceedings back to the commissioners, with a requirement that they state in a further report the grounds upon which their decision was based, is one not to be commended, and it has not been usual to send the report back in cases arising since the enactment of the present condemnation law (Laws 1890, p. 266, c. 95, carried into the Code of Civil Procedure as chapter 23, tit. 1, thereof, §§ 3357–3384, inclusive).

It is urged that section 3382 of such Code contains warrant for the practice followed, but the power there given to the court, "to make all necessary orders and give necessary directions to carry into effect the object and intent of this title," relates only to a case "where the mode or manner of conducting all or any of the proceedings therein is not expressly provided for by law." No question is raised as to the regularity of the manner of conducting the proceedings resulting in the report of the commissioners, and section 3371 of the Code of Civil Procedure expressly provides for and regulates the procedure upon filing such report. That section gives power to the court, upon motion for the confirmation of the report, to "confirm the report," or to "set it aside for irregularity or for error in law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient," so that it is plain that the general powers given to the court under section 3382 are not broad enough to warrant the order appealed from.

The defendants also cite in support of their contention a dictum by Landon, J., in Board of Water Commissioners v. Shutts, 25 App. Div. 22, 49 N. Y. Supp. 319, as follows:

"We do not say that no case can arise in which the court may not send back a report, regular upon its face, requiring the commissioners to specify in a supplemental report such particulars as will indicate the elements of the damage they have awarded, or the principle upon which they have made their award, or both. The award may be so large or so small as to suggest error in some of these respects. The record may suggest, but not show, it. * * * The inherent power of the court is, no doubt, adequate to enable it to secure such obtainable facts as are necessary to an intelligent decision."

To the suggestions quoted, Judge Landon adds:

"But we think the report should not be sent back unless it is at least made to appear to the court that there is probable cause to believe that the commissioners have made a material error, which neither their report nor their minutes disclose."

And this court in that case reversed an order sending the report back to the commissioners for further report.

Even if it be conceded that the court has the power to send the report back to the commissioners, we think nothing appears in this record that called upon the court to exercise it in this case. There is nothing showing any misconduct on their part, or irregularity in their proceedings. In the written objections filed to the confirmation of the report, no specific error of law was pointed out, unless the alleged inadequacy of the award constituted such error. If there was any irregularity or error of law in the proceedings before the commissioners, or if the court deemed the award was insufficient, the language quoted from section 3371 provides the remedy, which is to set aside the report, and not, as was done here, to send it back to the commissioners.

The order appealed from should be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term. All concur.