(56 Misc. Rep. 306.)

### In re CITY OF NEW YORK.

### In re COMMISSIONERS OF DOCKS.

(Supreme Court, Special Term, New York County. November, 1907.)

1. EMINENT DOMAIN—COMPENSATION—AWARD—SUFFICIENCY.

An award of $800,000 for land and bulkhead rights acquired by a municipality, which produced to the owner a net income of $43,000 a year, is inadequate, as the value of the lands should be measured by the net income.

2. SAME—BENEFITS.

In fixing the award to be paid for lands used for business purposes, which are leased by the owner, the benefits accruing to remaining property from the improvements are properly considered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 378.]

3. SAME—ELEMENTS OF DAMAGE.

Where land in connection with certain gas mains is taken for a public improvement, the revocation of the license granted by the city to lay such mains is no ground for an award of damages.

4. SAME—CONSEQUENTIAL DAMAGES.

Where land is taken for public use, the commissioners are not authorized to go outside of the area of the improvement and award consequential damages to lands embraced therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 237, 238, 239–244.]

5. SAME—REPORT OF COMMISSIONERS.

In condemning certain lands and bulkhead rights, it is unnecessary that the report of the commissioners should state the additional value they give the lands by reason of such rights, where they report that they considered the same and increased the value of the land taken therefor.

In the matter of the application of the city of New York, acting by the commissioners of docks, for the acquisition of certain lands between Fifteenth and Eighteenth streets, Tenth avenue, and the North river. Motion to confirm report of commissioners of estimate denied.

Charles D. Olendorf, for city of New York.

John M. Bowers, for claimant estate of Bradish Johnson.

John A. Garver and Carl A. Mead, for claimant Consolidated Gas Company.

BISCHOFF, J. The award for parcels Nos. 1 and 2 in this proceeding involves an inconsistency which requires that the report be sent back to the commissioners for further consideration. These parcels comprised the larger part of the block bounded by Fifteenth and

Sixteenth streets, Tenth avenue, and the North river; and the whole block was in single ownership of the estate of Bradish Johnson, a corporation, and leased to the Central Railroad of New Jersey for the purposes of a freightyard, at a net annual rent of $55,000 under a lease, made in the year 1892, to endure for 21 years. The commissioners have awarded to the owner for the land and bulkhead rights taken the sum of $752,000, and to the tenant $48,000, and have apportioned the rent of the land not taken in the sum of $12,000 per annum.

The gross award for all interests in these parcels is thus $800,000; and, if the lease was a fair measure of the value of the land, the apportionment of rent discloses that the tenant had agreed to pay $43,000 a year net for the land taken. Thus a value of over $1,000,000 is indicated, at the ordinary investment rate, which measures the value of the land under a lease of this character, and the award of $800,000 would appear, upon this basis, to be quite inadequate. There was expert evidence, however, that the rent reserved in the lease was too high; and, while this proof was not of a very satisfactory character, it may be that it could suffice for acceptance by the commissioners without disapproval by the court, in view of the court's limited power to review the evidence in these proceedings, but if, upon this theory, the award to the owner may be deemed adequate, the tenant must necessarily have made a very bad bargain and was benefited by being relieved of the greater part of its burden. But the tenant has been awarded $48,000; and, since an allowance for fixtures could not, upon the evidence, have well exceeded $20,000, it is clear that a large sum has been allowed for the loss of the lease. It is impossible to say that the tenant was damaged if the rent reserved was too high for this class of property; and if it was not too high, the owner's award is inadequate by some $200,000, an amount which, in no possible aspect of the proof, could be applied as an offset for benefit to the remaining property.

The award to the Consolidated Gas Company, the owner of adjacent property, is to some degree involved, since, while the character of the parcels is not the same, in the uses to which they may be put, the value of one parcel bears upon the value of the other because of their similarity of situation, and therefore the awards as to all parcels should be reconsidered.

Certain objections, which have been presented, may properly be passed upon at the present time, notwithstanding that the report, as it stands, cannot be confirmed. The contention that benefits should be eliminated in the fixing of awards is met by the recent decision of the Appellate Division in Matter of North River between West Eighteenth and West Twenty-Third streets, 118 App. Div. 865, 105 N. Y. Supp. 750, and the benefits accruing from the improvement were thus properly considered by the commissioners.

The Consolidated Gas Company objects to the disallowance of compensation for damages suffered by it through the lessened value of its equipment in the streets of the city by reason of the taking of its gas tanks in this proceeding, the property referred to being in the form of gas mains laid in the city streets and fed by these tanks. If

these mains were laid in the streets under a license from the city merely, the claimant necessarily would be at the risk of being required to remove the property or to change its position when public convenience demanded it. (Matter of Deering, 93 N. Y. 361), and the bringing of this proceeding would serve in effect as the revocation of a license by the city, so far as it was revocable (Kingsland v. Mayor, 110 N. Y. 569, 18 N. E. 435); but it is claimed that the right to lay these mains in the streets existed by virtue of the claimant's charter, and that the city was not in a position to interfere with the rights so acquired. This contention I take to be untenable. The origin of the claim to a right to lay gas mains in the streets, so far as a right is deemed to have accrued to this claimant, is a certain franchise granted to the Municipal Gas Light Company by the city on March 22, 1877. The Municipal Gas Light Company was one of the constituent companies of the claimant corporation, but the franchise referred to contained the following provision:

"Neither said permission nor any right conferred on said company by said resolution shall be assigned or transferred without the previous consent of the common council."

Upon the consolidation which took place and which resulted in the formation of the claimant, the Consolidated Gas Company, under chapter 367, p. 448, Laws 1884, such rights as were possessed by the constituent companies passed to the corporation thus formed, but no greater rights were acquired than were originally possessed; and, failing the consent of the common council, there appears to have been no warrant in law for this claimant's maintenance of the gas mains in the streets. In this view, the claimant took no rights in the matter which could survive the city's determination to revoke the permission deemed to have been granted to the Municipal Gas Light Company to lay the mains, and there was no damage which could be made the subject of compensation in this proceeding because of the diminution in the value of the property thus placed in the streets. Again, it would appear that the commissioners had no authority to award damages for property not embraced within the area of the improvement. The matter is regulated by section 822 of the charter, which limits the award of damages to compensation for the property taken, and does not appear to include, by inference, consequential injury to the business of the owner elsewhere in the city by reason of the taking of the land.

The objection that the commissioners failed to make an allowance for "plottage"—a supposed enhancement of value by reason of the fact that the parcels, of which this claimant was the owner, were in a single ownership—is met in the finding of the commissioners that as a matter of fact in these instances no such added value did exist. The question whether or not "plottage" is an element of value depends necessarily upon the evidence of the particular circumstances surrounding the use of the property and its situation, and there is no rule of law that "plottage," taken alone, must have a value in every case.

It is also objected by both claimants that the commissioners refused to state what additional value was given to the land because of the fact that the land and the bulkhead rights belonged, in each instance,

to the same claimant. The report contains the statement that the commissioners have been taken into consideration and account the fact that the ownership of the bulkhead and bulkhead rights and the lands immediately adjacent were in the same owners, and have found that this fact increases the value of the land taken, and have included such increase in value in their awards. This statement appears to be all that can properly be required within the ruling of Board of Water Commissioners v. Shutts, 25 App. Div. 22, 49 N. Y. Supp. 319.

For the reasons stated, the motion to confirm the report is denied, and the report will be sent back to the commissioners for further consideration of the awards made.

Motion denied and report sent back.