(68 Misc. Rep. 55.)

### PEOPLE ex rel. ASTOR v. STILLINGS et al.

(Supreme Court, Special Term, New York County.   June, 1910.)

1. MUNICIPAL CORPORATIONS (§ 402*) — PUBLIC IMPROVEMENTS — ASSESSMENT OF DAMAGES—REVIEW.

 The court cannot by certiorari direct the commissioners of estimate and assessment appointed under the Greater New York charter to state in their return in proceedings to change the grade of a street what evidence was brought to their attention or produced on certain facts, or upon what principles they acted, or what facts they assumed as a basis of their awards, or whether they considered benefits, and, if so, what benefits and to whom, so as to compel them to make an analysis of the evidence in accordance with relator's theory of the case, and to elaborate their own theory as to off-setting benefits.

 [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 402.*]

2. CERTIORARI (§ 53*)—SCOPE OF WRIT.

 Where the petition in certiorari proceedings against the commissioners of estimate and assessment of New York City alleged that rulings upon questions arising upon the trial were reserved, but did not state the particular questions, or that any requests for such rulings were made, or show prejudice to relator's rights from adverse rulings, the writ may not require the commissioners to specify all their rulings adverse to relator as to which decision was reserved on the trial.

 [Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 53.*]

3. MUNICIPAL CORPORATIONS (§ 402*) — PROCEEDINGS TO CHANGE GRADE OF STREET—NATURE OF OPINIONS OF COMMISSIONERS OF ESTIMATE AND ASSESSMENT.

 The opinions of commissioners of estimate and assessment of New York City, returned by them as part of their proceedings and decision correspond rather to the findings of fact and conclusions of law in an equity suit than to opinions of the lower court upon an appeal in a civil action.

 [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 402.*]

Certiorari by the People, on the relation of William Waldorf Astor, against William E. Stillings and others.   On motion to strike matter from a writ, motion granted.

See, also, 120 App. Div. 876, 105 N. Y. Supp. 1136; 124 App. Div. 195, 108 N. Y. Supp. 903.

Barclay E. V. McCarty, for plaintiff.
Charles J. Nehrbas, Asst. Corp. Counsel, for defendants.

WHITNEY, J.   By one of those anomalies characteristic of the practice in certiorari proceedings in this state, a third party, namely, the city of New York, is brought in.   It now moves to strike out a portion of the writ.   Relator does not contend that it cannot make such a motion, and I, therefore, assume that it can do so.   The writ, apart from the matter objected to, directs the certification and return of "your record and proceedings in respect to the said claim for damages, on the said second trial, resulting in your said decision and determination dismissing the said claim for damages on the merits as aforesaid, including your said decision and determination as such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

124 N.Y.S.—59

commissioners so dismissing said claim for damages." It also dispenses with the return of certain portions of the record, and requires the return of certain documents which are apparently not a portion of the record. What effect the latter provisions may have and whether jurisdiction can thus be conferred upon the court to decide the controversy upon a record that is not the same that was before the commissioners need not be discussed at present, as they are apparently inserted by consent and not asked to be expunged. In the answering affidavit it is stated that the prevailing and dissenting opinions of the commissioners will be included in their return to the writ as part of the proceedings and decision in the case.

Relator is not satisfied with this, and desires to catechise the commissioners as to "the principles upon which you acted," as to "whether upon that second trial there was adduced or brought to your attention any evidence to the contrary of" a certain answer of a certain witness as to whether benefits were set off against damages, and whether benefits were considered as an element entering into the determination of the question of the damages, as to whether it was assumed that relator's premises "were the only premises benefited by the change of grade, whether it was assumed that these premises received any benefit * * * other than the benefits that were shared in general, either by other landowners in the neighborhood, or by the outlying territory, or by the general public at large, and, if you did so assume, that you specify exactly what such other benefit was and the nature and extent thereof, and also, if you did so assume, that you specify and specifically state what evidence of any such other benefit was adduced on the said second trial of the said claim for damages or was otherwise brought to your attention in any way," as to whether the city produced any real estate expert other than Charles A. Berrian, and whether his testimony was not confined to one avenue and based on a certain assumption concerning the average change of grade, and as to whether, in general, any evidence was produced to contradict relator's evidence, "and, if so, that you specifically set forth in your return exactly what such contradicting evidence was." It thus appears that relator desires the court to force the commissioners in returning the evidence to append thereto an analysis thereof in accordance with his theory of the case, and also to elaborate their theory as to what does and what does not amount to an offset of benefits against damages, a favorite topic of scholastic discussion in this class of cases. These provisions of the writ are avowedly based upon a writ allowed by Mr. Justice Haight at Special Term in Buffalo in 1880, in the proceeding reported at a later stage as People ex rel. Brisbane v. Zoll, 97 N. Y. 203. But careful examination of the appeal papers in that proceeding indicates that the commissioners made no return to those provisions of the writ, although they concerned the same topic as here, namely, the offset of benefits against damages. The commissioners returned only the proceedings before them and the decision which they had rendered. It does not positively appear that they filed an opinion. Justice Haight examined the testimony, and inferred therefrom what their answer to the special questions would probably have been. It is a fair deduction that the invalidity of these portions of the writ was

conceded by all parties. In this department, on the other hand, upon appeal from an order striking out analogous passages of a writ, the General Term said:

"We do not think that the board of assessors should be required to give a bill of particulars of the items composing the aggregate award or to state the methods by which they have arrived at their conclusion.". People ex rel. Heiser v. Gilon, 67 Hun, 652, 22 N. Y. Supp. 238.

See, also, People ex rel. Wiebusch Co. v. Roberts, 18 Misc. Rep. 530, 42 N. Y. Supp. 1089; Waterford Electric Light Co. v. Reed, 103 App. Div. 103, 92 N. Y. Supp. 960.

Relator complains that he cannot use the opinions of the commissioners, reasoning from the supposed analogy of opinions of the lower courts upon an appeal in a civil action. To this there are two answers. In the first place, the supposed analogy is not a real one, and the opinions of the commissioners when returned by them as part of their proceedings and decision correspond rather to the findings of fact and conclusions of law in an equity suit. In the second place, the fact that these opinions cannot be used, if they cannot be, affords no excuse for catechising the commissioners. The jurisdiction of the Appellate Division over them is narrower, not broader, than its jurisdiction over a judge sitting in equity; and, if he does not choose to file an opinion, the appellate court must look to the record for reasons to reverse him, as Mr. Justice Haight did in the case above cited. The writ also directs that the return "distinctly specify your rulings upon questions of law made during the progress of the second trial of the said claim for damages, as to which rulings you reserved decision at the time such questions of law arose, and as to which the said relator reserved exceptions if such rulings should be adverse to him." The petition alleges that rulings were thus reserved "upon various questions arising," but does not state what the questions were, or whether evidence was admitted or excluded, or allege that any requests were subsequently made for rulings thereon, or that the rulings, if adverse to relator, would have been prejudicial. The questions may have turned out to be immaterial. Rulings that were not made while the case was before the commissioners cannot be made now. If they ought to have been made, the Appellate Division will have the power to remit the cause for further proceedings. Whether the fact that the commissioners visited the property on many occasions nullifies their action under the recent case of People ex rel. City of N. Y. v. Stillings, 138 App. Div. 168, 123 N. Y. Supp. 349, is not a question before me. The motion is granted.

Motion granted.