In the Matter of Acquiring Title by THE CITY OF NEW YORK to Certain Lands and Premises Situated on the Northerly and Southerly Sides of East One Hundred and Twenty-fifth Street, between First Avenue and Second Avenue, etc., as a Site for the Manhattan Approach of the Tri-Borough Bridge, etc., According to Law.

BUSINESS MEN'S REALTY COMPANY, Claimant of Damage Parcels 5 and 6; CITY OF NEW YORK, Respondent.*

Supreme Court, Special Term, New York County, January 19, 1935.

*Skinner & Bermant,* for the claimant.

*Paul Windels, Corporation Counsel [Alfred D. Jahr* of counsel], for the respondent.

McLAUGHLIN (CHARLES B.), J.   I know of no requirement that on a hearing of objections to the preliminary report in condemnation proceedings the stenographer must take down verbatim the argument of counsel or the observations of the court.   There is plenty of power in the law to correct any mistakes, omissions, defects and irregularities, if any have been made.   (Greater New York Charter, chap. 21, § 1440; Condemnation Law, § 12; Civ. Prac. Act, §§ 105–112.)

* Affd., 246 App. Div. ——.

The trouble with this situation is that there has been no mistake, inadvertence, surprise or excusable error, so, therefore, there is nothing to correct, even though the court has the power under the provisions of article 9 of the Civil Practice Act, applicable to condemnation proceedings. (See *Matter of City of Utica* [*Land for Airport*], 134 Misc. 60.) What the claimant seeks here evidently is to have inserted in the record an observation of the court to the effect that the court would not allow plottage for two lots on One Hundred and Twenty-fifth street. The court did observe that it would not give plottage in this case; it did say that it never gives plottage for only two lots. Obviously this statement referred to lots similar to these in question, that is, ordinary lots in the borough of Manhattan, upon which, under the many requirements of our building regulations, the owner may not do to his advantage any more than he could do with just one lot. Certainly the court felt that this was a case where plottage should not be awarded.

The court is convinced that the circumstances in this case, as well as most of those in the city of New York, do not render two lots under ordinary conditions a proper subject for plottage. (See *Matter of City of New York* [*15th & 18th Sts.*], 56 Misc. 306; *Matter of Manhattan Terminal*, 120 N. Y. Supp. 465; *Matter of Armory Board*, 73 App. Div. 152. Cf. *Matter of Erlanger*, 206 id. 148; modfd., 237 N. Y. 159; *People ex rel. Loeser & Co.* v. *Goldfogle*, 249 id. 284, 295.)

The motion is denied; but in order that the claimant may have the benefit of this observation by the court it is directed that this decision be printed with the record on appeal in case there is one.