In the Matter of the Application of THE CITY OF BROOKLYN, Respondent, for Authority to Acquire the Property and Franchises of THE LONG ISLAND WATER SUPPLY COMPANY, Appellant.

1. COSTS — ALLOWANCES.    In the absence of a statute providing for costs or allowances for expenses in legal proceedings none can be recovered.

2. CONDEMNATION PROCEEDINGS — COSTS — EXTRA ALLOWANCE.    The authority given by section 3372 of the Code of Civil Procedure to grant an extra allowance to a defendant in condemnation proceedings relates to proceedings taken under the general law embodied in chapter 23 of the Code, and does not extend to proceedings taken under a subsequent special statute (such as chapter 481, Laws of 1892, authorizing the city of Brooklyn to acquire the property of the Long Island Water Supply Company), enacted to cover a case not within the general law, and which prescribes an independent and materially different procedure and makes no provision for costs or allowances.

3. CONDEMNATION PROCEEDINGS — COSTS — EXTRA ALLOWANCE.    The right to costs, in condemnation proceedings taken under such a special stat-

ute, containing no provision for costs or allowances, is governed by the general statute as to costs in special proceedings (§ 3240, Code Civ. Pro.), which gives only the specific costs allowed for similar services in an action, and does not authorize any additional allowance.

Reported below, 88 Hun, 176.

(Argued December 9, 1895; decided December 19, 1895.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made the second Monday of May, 1895, which reversed an order of the Special Term granting to appellant, the Long Island Water Supply Company, an extra allowance.

This proceeding was instituted by the city of Brooklyn, under chapter 481, Laws of 1892, to acquire, by eminent domain, the property and franchises of the Long Island Water Supply Company. After an award of commissioners of appraisal, appointed by the court, the appellant made a motion for an extra allowance, which was granted. On appeal to the General Term, the order granting the motion was reversed and the motion denied, upon the ground that the court below had no power to grant an extra allowance herein.

Further facts are stated in the opinion.

*William C. De Witt* and *Thomas E. Pearsall* for appellant. The order of reversal is appealable to this court. (*Russell* v. *Randall*, 123 N. Y. 438; *Shiels* v. *Wortmann*, 126 N. Y. 650; *Birge* v. *B. I. B. Co.*, 133 N. Y. 477; *Percival* v. *Percival*, 124 N. Y. 648; *Tilton* v. *Beecher*, 59 N. Y. 176; Code Civ. Pro. §§ 3359, 3372; *P. P., etc., R. R. Co.* v. *Williamson*, 91 N. Y. 558; *Ziegler* v. *Chapin*, 126 N. Y. 352; *In re R. W. Comrs.*, 66 N. Y. 418; *In re P. Bridge*, 108 N. Y. 483; Laws of 1888, chap. 583; *In re Thompson*, 86 Hun, 410; *D. & Mt. M. R. R. Co.* v. *Hammond*, 77 Hun, 39; Laws of 1889, chap. 291; Laws of 1890, chap. 314; *City of Syracuse* v. *Stacey*, 86 Hun, 450; *City of Syracuse* v. *Benedict*, 86 Hun, 343.) The General Term erred in ruling that the proceeding at bar not having been instituted under the Code law, but under special act, the provisions of the Code

were, therefore, inapplicable.  (Code Civ. Pro. §§ 1902, 3253,
3358, 3362, 3364–3369, 3372 ; Laws of 1885, chap. 342 ;
*Lawson* v. *Reilly,* 13 Civ. Pro. Rep. 290 ; *Horgan* v. *McKen-
zie,* 43 N. Y. S. R. 131 ; *S. L. & A. R. R. Co.* v. *DeCamp,*
52 N. Y. S. R. 10 ; *In re L. S. R. Co.,* 65 Hun, 528 ; *U. S.*
v. *Engeman,* 27 Abb. [N. C.] 141 ; *In re Trustees N. Y. &
B. Bridge,* 137 N. Y. 99 ; *M. R. Co.* v. *Taber,* 78 Hun,
434 ; *Morrison* v. *Agate,* 20 Hun, 25.)

*Albert G. McDonald* for respondent.  The Supreme Court
had no power to grant an extra allowance in this matter.
(*In re Holden,* 126 N. Y. 589 ; *In re R. & S. R. R. Co.,* 55 N.
Y. 145 ; Laws of 1892, chap. 481 ; Code Civ. Pro. chap. 23 ;
*Ziegler* v. *Chapin,* 126 N. Y. 352 ; *In re R. W. Comrs.,* 66
N. Y. 418.)

ANDREWS, Ch. J.   We fully agree with the opinion of the
judge at Special Term that an extra allowance should be made
to the appellant for defending the proceedings to acquire its
property, provided the court had power to make such allow-
ance.   A person or corporation, whose property is sought to
be taken under condemnation proceedings, is entitled to be
heard at every step in the process, and in justice should be
compensated not only for the land or property taken, but
should be indemnified against all costs and expenses reason-
ably incurred either in resisting the appropriation or in the
proceedings for ascertaining the compensation to be made.
The special statute under which the proceedings in this case
were instituted (Chap. 481 of the Laws of 1892) authorized
the city of Brooklyn to acquire the property and franchises
of the Long Island Water Supply Company, but made no
provision for costs or allowances.   Costs or allowances for
expenses in legal proceedings depend upon statute, and, in the
absence of any statute allowing them, none can be recovered.
This proceeding was, under the nomenclature of the Code, a
special proceeding as distinguished from an action.   The Code
authorizes costs to be given in a special proceeding at the

rates allowed for similar services in an action (Sec. 3240), but makes no provision for extra allowances in terms. The question has arisen whether, under this section, the court is authorized to award allowances in a special proceeding as it may do in an action, and it has been held that the section only refers to specific costs authorized in the section relating to costs in actions, and that allowances beyond such sums are not authorized. (*Matter of Holden*, 126 N. Y. 589.) This is decisive of the present case, unless section 3372 of the Code, contained in title 1 of chap. 23, prescribing proceedings for the condemnation of real property, applies to the proceedings taken in this case under the special statute of 1892, passed after the enactment of the section referred to. That section authorizes the court to make an additional allowance to the defendant in a condemnation proceeding where the plaintiff, before commencing the proceeding, has made an offer in writing to purchase the property at a specified price, which was rejected, and an award of a greater sum was made, or where the plaintiff made no offer and the case proceeded to an award. If an offer was made and not accepted, and the compensation awarded did not exceed the offer, then no costs to either party are to be allowed. . If this section is applicable to the proceedings in this case there would be no difficulty in maintaining the contention of the appellant. But this section is one of the provisions in the procedure prescribed for proceedings under chap. 23 of the Code. The title in which it is contained regulates the practice in condemnation proceedings taken under its provisions. Section 3359 prescribes that "whenever any person is authorized to acquire title to real property for a public use by condemnation, the proceeding for that purpose *shall be taken* in the manner prescribed in this title." There follow minute provisions, prescribing the method of instituting the proceeding and the practice in every stage thereof until the final judgment, and section 3372, which prescribes the conditions under which costs and allowances may be made, immediately follows the section relating to the final order to be entered on the confirmation of the report of the commis-

sioners. In proceedings under the Code the applicant is required to set forth in his petition that he " has been unable to agree with the owner of the property for its purchase, and the reason of such inability." Section 3372 assumes that the applicant in the condemnation proceedings is in a position to make a voluntary purchase of the property sought to be acquired, since he is relieved from costs if he makes a written offer to purchase at a specific price, which is not accepted, and the award does not exceed the sum offered. It is conceded that the city of Brooklyn could not have acquired the property and franchises of the Long Island Water Supply Company under the provisions of the Code. (*In re Rochester Water Commrs.*, 66 N. Y. 418; *Prospect Park & C. I. R. R. Co.* v. *Williamson*, 91 id. 552; *Ziegler* v. *Chapin*, 126 id. 342.) A special statute was, therefore, necessary, and under it the city of Brooklyn possessed no power to acquire the property by voluntary purchase. It may well be inferred that this power was deliberately withheld in view of the prior proceedings relating to the acquisition of this property. (*Ziegler* v. *Chapin*, *supra; In re Brooklyn*, 143 N. Y. 596.)

We are asked to incorporate into the act of 1892 section 3372 of the Code, or to consider the special act and the provisions of the Code as in *pari materia*, so as to apply section 3372 to the proceeding in question. But we fail to see how this is possible. Both statutes apply, it is true, to condemnation proceedings. But each is complete in itself and prescribes a system of procedure each for itself, having many points of similarity as also many points of divergence. Proceedings under the Code are " to be taken in the manner prescribed in this title." (Sec. 3359.) Under the special act the city of Brooklyn is authorized to take by condemnation the property of the Long Island Water Supply Company, " provided that the proceedings herein, hereinafter or hereby authorized shall be commenced within one year after the passing of this act." The costs and allowances authorized in condemnation proceedings under the Code by fair intendment relate to costs and allowances

in proceedings thereunder. The special act which prescribes an independent and different procedure makes no reference to costs, and the right to costs therein must be governed by the general statute as to costs in special proceedings. It would be judicial legislation, we think, to rule that because section 3372 gives the right to allowances in proceedings under the Code, that they should also be allowed under a subsequent special statute enacted to cover a case not within the general law and under which the applicant is disabled to avail himself of the opportunity by making an offer, to be exempted in a certain contingency from liability to costs, as under the general law.

If the special act had been passed before the Code, and the purpose of the special act could have been accomplished by proceedings under the general act, the procedure under the general act might have been followed by force of section 3383 of the Code, although the prior special act furnished a method of its own. But this is not that case. We feel compelled to follow the decision of the General Term, and its order should, therefore, be affirmed.

All concur, except Bartlett, J., not voting.

Order affirmed.