tinguished from what is purely ministerial. It is not a thing distinct from legislative action, but, on the contrary, the necessary concomitant of all good legislation. Nor should the legislative power of the common council be construed as confined to laws prescribing general rules of conduct for individuals or for the regulation of the city departments. A large part of all legislation is necessarily administrative in a certain sense. This is particularly true of the legislatures of municipal corporations, whose power to prescribe by-laws or rules of conduct is very limited. The main work of all such bodies is to act on the administration of local affairs, provide what improvements shall be made, what streets opened, how water shall be furnished to the inhabitants, and matters of this nature. The action of the common council on all these subjects we consider legislative.

The direction of the charter is that, when an ordinance or resolution shall have been returned to it, "the board, at its next regular meeting thereafter, shall proceed to consider the same, and if, on consideration, it shall pass by a vote of at least four-fifths of all the members elected to the board at such regular meeting, it shall take effect." We see but little room for discussion of the proposition that the action of the board must be taken at the next regular meeting, for the provision is not only that it shall be considered at that meeting, but it shall pass the board by the prescribed vote at that meeting. It is argued that this was intended to prevent delay in the action of the common council upon the veto, and that, if such action be taken before the next regular meeting, it is as valid as if taken at that time. But there is nothing in the statute that gives countenance to the claim that the time prescribed for the action was any more intended to prevent dilatory than it was hasty action. If we consider the matter from the standpoint of public interest, we think the danger from the one fully as great as from the other. There is but one safe way to construe this statutory provision; that is, according to the plain meaning of the language employed. Construed by this standard, it condemns the action of the common council as void.

Judgment appealed from should be affirmed, with costs. All concur.

(1 App. Div. 488.)

## MANHATTAN RY. CO. v. McKEE et al.

(Supreme Court, Appellate Division, First Department.    February 7, 1896.)

CONDEMNATION PROCEEDINGS—RIGHT OF DEFENDANTS TO COSTS.

Condemnation Law (Code Civ. Proc. c. 23), § 3372, provides that, where the owner is a resident and not under legal disability to convey, plaintiff, before service of his petition and notice, may make a written offer to purchase the property at a specified price; that if the offer is not accepted, and the award by the commissioners does not exceed the amount of the offer, with interest, no costs shall be allowed to either party; that if the award exceed the amount of the offer, with interest, or if no offer was made, defendant shall recover the costs at the same rate as is allowed to defendant when he is the prevailing party in an action in the supreme court, and an additional allowance, not exceeding 5 per cent. of the amount awarded. *Held* that, where the owners are under legal disability

to convey they are not entitled to costs and the additional allowance of 5 per cent. on an award, though no offer to purchase was made by the petitioner.

Appeal from special term, New York county.

Petition by the Manhattan Railway Company against Thomas J. McKee and Fernando Baltes, as executors and trustees under the will of Matthew Byrnes, deceased, William J. Byrnes and others, adults, and Ida Marie Clausson Rayner and others, infants, and the Seamen's Bank for Savings, to acquire title to certain real estate under the provisions of the condemnation law. From so much of the order of the special term as denied the adult defendants, their right to costs and an additional allowance, they appeal. Affirmed.

The proceeding was instituted under the provisions of the Code of Civil Procedure to acquire title to real estate in the city of New York. It is conceded that the defendants were, for various reasons, under legal disability to convey the title of the property taken. It is apparent, therefore, that no offer to purchase the property could be made by the plaintiff, under section 3372 of the Code.[1] The same section provides that, if no offer was made, the court should direct that the defendant recover of the plaintiff the costs of the proceeding, and might also grant an additional allowance of costs, not exceeding 5 per cent. upon the amount awarded. The question is whether this latter provision applies to a case where, under the former provisions of the section, no offer could be made.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

William R. Page, for appellants.
Davies, Stone & Auerbach, for respondent.

WILLIAMS, J. We are of the opinion that the proper construction of the statute is that the court shall direct the recovery of costs

[1] Code Civ. Proc. c. 23 (known as the "Condemnation Law"), § 3372, provides as follows: "In all cases where the owner is a resident and not under legal disability to convey title to real property, the plaintiff, before service of his petition and notice, may make a written offer to purchase the property at a specified price, which must within ten days thereafter be filed in the office of the clerk of the county where the property is situated; and which cannot be given in evidence before the commissioners, or considered by them. * * * If the offer is not accepted, and the compensation awarded by the commissioners does not exceed the amount of the offer, with interest from the time it was made, no costs shall be allowed to either party. If the compensation awarded shall exceed the amount of the offer, with interest from the time it was made, or if no offer was made, the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding, to be taxed by the clerk, at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded. * * * If a trial has been had, and all the issues determined in favor of the plaintiff, costs of the trial shall not be allowed to the defendant, but the plaintiff shall recover of any defendant answering, the costs of such trial caused by the interposition of the unsuccessful defense, to be taxed by the clerk at the same rate as is allowed to a prevailing party for the trial of an action in the supreme court."

only in a case where an offer could have been made but was not made. It does not seem to us that the legislature intended that the plaintiff should be charged with costs for not making an offer which, under the statute, it had no right to make.    The obvious intention is to provide indemnity to the owner who has been subjected to the expense of an investigation, in case of a failure to make the preliminary offer, and thus to give an opportunity to the owner to accept such offer and convey the property, without the institution of the proceeding.    Where, however, there is a legal disability to convey, not only is an offer not provided for by the statute, but it would be an idle ceremony, and of no avail, even if it could be made, and therefore the whole reason for charging plaintiff with costs fails.    It is claimed that the supreme court in this department has allowed costs in one case, and disallowed them in another case, where precisely this condition of things existed.    In neither of these cases, however, was the question fully considered or deliberately passed upon.    We now feel compelled to give the construction to the statute here stated, and to hold that the adult defendants in this case are not entitled to costs.

The order appealed from should be affirmed, with costs.    All concur.