(50 App. Div. 575.)

HARLEM RIVER & P. R. CO. v. REYNOLDS et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

APPEAL AND ERROR—PRESUMPTIONS.

> The facts not appearing of record which were considered by the commissioners in reaching their determination as to damages in eminent domain proceedings, it will be presumed that they acted within the law, and that the award is supported by the facts.

Appeal from special term, Westchester county.

Condemnation proceedings by the Harlem River & Portchester Railroad Company against James L. Reynolds and others. From a final order fixing compensation for lands taken, defendant Reynolds appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Henry W. Taft, for appellant.
Arthur M. Johnson, for respondent.

WOODWARD, J. An examination of the record in this proceeding discloses nothing to take this case outside of the rule that an award by commissioners will not be set aside for inadequacy, or because excessive, unless the award is palpably wrong in either re-

spect. Daly v. Smith, 18 App. Div. 194, 196, 45 N. Y. Supp. 785, and authorities there cited. Nor will it be set aside for mere errors in the receipt or exclusion of evidence. To justify the reversal of an award for error of law, it must be made to appear that the commissioners adopted an erroneous principle in estimating the compensation. Daly v. Smith, supra. The award in this case, considered purely from the evidence as found in the record, might be thought excessive, and yet we would be reluctant to hold that there was not evidence before the commission which would support the finding, if we left out of the consideration wholly the fact that the law makes it the duty of the commissioners to personally view the premises, and to act upon their own judgment, aided by the evidence, or other sources of information, in reaching a conclusion. Railroad Co. v. Lee, 13 Barb. 169. The finding of the commissioners does not state the facts which were taken into view in reaching a determination as to the value of the property; and the presumption must be, in the absence of anything to the contrary appearing in the record, that they acted within the law, and that the award is supported by the facts which came within the scope of their inquiry. The plaintiff made no effort to secure a correction of the record, or to cause a supplemental report to be made by the commissioners under the provisions of section 3382 of the Code of Civil Procedure (Board v. Shutts, 25 App. Div. 22, 49 N. Y. Supp. 319); and we are forced to conclude, under the authorities, that the report of the commissioners and the order of confirmation should be affirmed. The order appealed from should be affirmed, with costs.

Final order affirmed, with $10 costs and disbursements. All concur.