In the Matter of the Application and Petition of SETH Low and Others, Constituting the Board of Rapid Transit Commissioners of the City of New York, for and on Behalf of THE CITY OF NEW YORK, Appellant, for the Appointment of Commissioners of Appraisal, under Chapter 4 of the Laws of 1891, and the Various Acts Amendatory Thereof and Supplementary Thereto, Relative to Land Situated in the Block Bounded by Bergen Avenue, Westchester Avenue, Brook Avenue and Gerard Street in the Borough of The Bronx, in the City of New York.

MICHAEL MURPHY and Others, Claimants, Respondents.

*Eminent domain — in proceedings instituted by the rapid transit commission of the city of New York the property owners cannot be allowed costs, etc., against the city.*

Property owners who are parties to a condemnation proceeding instituted by the rapid transit commission of the city of New York under the authority of the Rapid Transit Act (Laws of 1891, chap. 4, as amd. by Laws of 1894, chap. 752; Laws of 1895, chap 519; Laws of 1896, chap. 729; Laws of 1901, chap. 587; Laws of 1902, chap. 533) are not entitled to be allowed taxable costs as in an ordinary special proceeding, or any sums for counsel fees or for compensation paid to expert witnesses.

The counsel fees and expenses referred to in section 62 of the Rapid Transit Act (added by Laws of 1894, chap. 752) are such as may be incurred by the city or by the corporation counsel.

APPEAL by The City of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of February, 1905, granting an allowance to property owners in a proceeding

to acquire title to lands in the city of New York, borough of The Bronx.

*Theodore Connoly*, for the appellant.

*Howard T. Cole* and *John C. Fisher*, for the respondents.

Patterson, J. :

The rapid transit commission, under authority conferred upon it by what is known as the Rapid Transit Act* (Laws of 1894, chap. 752, as amd. by Laws of 1895, chap. 519), instituted a proceeding to acquire title to lands situated in the borough of The Bronx in the city of New York, such lands consisting of a block bounded by Bergen avenue, Westchester avenue, Brook avenue and Gerard street. Upon that application commissioners were duly appointed who made certain awards for the property separately to the several owners thereof. Thereafter such owners, or some of them, applied to the Supreme Court for allowances and costs, including disbursements, and among such disbursements the expenses incurred by such property owners for compensation paid to expert witnesses. The motion was opposed by the city of New York, but the court awarded to each of the applicants an amount as an allowance for counsel fees and also taxable costs, as in a special proceeding, and also various sums to some of the applicants for expense incurred in the employment of expert witnesses. The sums thus awarded aggregate a large amount. The city appeals from the order, and the question involved on the appeal relates to the authority of the court to grant either allowances, costs or expenses for expert testimony. It is unnecessary to quote authorities to the proposition that in a proceeding of this character allowances and costs, including disbursements, can only be made under some positive permission of law. The respondents insist that authority for an allowance for counsel fees is to be found in section 62 of the Rapid Transit Act (added by Laws of 1894, chap. 752); that as to costs, the authority is to be found in section 3240 of the Code of Civil Procedure, and that the disbursements for experts are to be allowed as being necessarily incurred in the course of the proceeding.

---

* See Laws of 1891, chap. 4, as amd. by Laws of 1894, chap. 752; Laws of 1895, chap. 519; Laws of 1896, chap. 729; Laws of 1901, chap. 587, and Laws of 1902, chap. 533.— [Rep.

We are unable to find authority in section 62 of the Rapid Transit Act for an allowance of counsel fees to the property owners. It may have been assumed that this section of the statute is broad enough to cover an award to property owners for the expenses incurred by them in the employment of counsel, but the terms of the section do not justify that assumption. It refers to the pay of the commissioners appointed in the proceeding, and of the employees of the city in the proceeding, and to the manner of payment of the fees and expenses of the proceeding; but the fees and expenses therein referred to are those of the commissioners and the salaries and compensation of their employees and other necessary expenses in and about the proceeding. The section set out *in extenso* is as follows:

"§ 62. The commissioners of appraisal appointed in pursuance of this act shall receive as compensation the sum of ten dollars per day for each day actually employed. They may employ the necessary clerks, stenographers and surveyors. The counsel to the corporation or other principal legal adviser to said city shall, either in person or by such counsel as he shall designate for the purpose, appear for and protect the interests of the city in all such proceedings in court and before the commissioners. The fees of the commissioners and the salaries and compensation of their employes, and all other necessary expenses in and about the said proceedings provided for by this act, and such allowance for counsel fees as may be made by order of the court, and all reasonable expenses incurred by said counsel to the corporation or other principal legal adviser of said counsel designated by him for the proper presentation and defense of the interests of said city before said commissioners and in court, shall be paid by the comptroller or other chief financial officer of said city out of the funds referred to in the last preceding section. But such fees and expenses shall not be paid until they have been taxed before a justice of the Supreme Court in the judicial district in which said city is situated upon five days' notice to the counsel to the corporation, or other chief legal adviser of said city. Such allowance shall, in no case, exceed the limits prescribed by section thirty-two hundred and fifty-three of the Code of Civil Procedure."

It seems to be apparent from the text of the section that the

counsel fees and expenses therein referred to are such as may be incurred by the city or by the corporation counsel, and that where reference is made to allowance for counsel fees it refers to counsel conducting the proceeding on behalf of the city. It will be observed that in this section no reference is made to counsel for property owners; there certainly is no specific authority given to the court to make allowances to them, and the most that can be said is that the authority may be inferred from the fact that reference is made to the payment of counsel. It seems to us, however, that that reference is only to counsel employed in the proceeding by the corporation counsel. It is provided by that section that the counsel to the corporation or other principal legal adviser to the city shall either in person *or by such counsel as he shall designate for the purpose* appear for and protect the interests of the city in all such proceedings in court and before the commissioners. Here the power is expressly conferred upon the corporation counsel to employ such counsel as he may designate, and the provision with reference to an allowance for counsel fees is intended to indemnify the city for the outlay made by the corporation counsel within the limit of an allowance that might be made on a proper showing in an action. We do not see how it is to be extended by implication to the counsel employed by property owners. There must be a direct authority or an unavoidable implication of authority before such an allowance can be made.

With respect to the award of costs, we are of the opinion that there is no authority in law to award them. It has been the uniform ruling of the Special Term of the Supreme Court in the first judicial district that costs are not allowable in condemnation proceedings, and, therefore, that section 3240 of the Code of Civil Procedure does not control. The cases are not reported elsewhere than in the *New York Law Journal*, but they are numerous. There is no authority in the Rapid Transit Act for an allowance of costs. But it is said that the Court of Appeals has approved the contention that an award of costs may be made in a proceeding by eminent domain to acquire property. (*Matter of City of Brooklyn*, 148 N. Y. 107.) The only question involved in that proceeding related to the right of the Supreme Court to grant an extra allowance, and the court held that inasmuch as that right depended specifically

upon statutory authority, such an allowance could not be made. But in the discussion of the case, the court incidentally referred to the authority of the Supreme Court to grant costs under the provisions of the sections of the Code of Civil Procedure (§ 3357 *et seq.*) which relate to condemnation proceedings taken under that Code. The proceeding there was under a special act, and the court considered and rejected the argument that the provisions of section 3372 of the Code of Civil Procedure as to extra allowances in condemnation proceedings apply where the proceeding is instituted under a special act. The court said: "The costs and allowances authorized in condemnation proceedings under the Code by fair intendment relate to costs and allowances in proceedings thereunder." And then follows the language which is relied upon by the respondents: "The special act which prescribes an independent and different procedure [which here is the Rapid Transit Act] makes no reference to costs, and the right to costs therein must be governed by the general statute as to costs in special proceedings."

We do not regard this as a binding declaration by the Court of Appeals, that in all condemnation proceedings which take place in the city of New York property owners are entitled to costs against the city. No such heavy burden is imposed upon the city by proceedings taken under special acts, and we do not construe this remark of the learned judge who wrote the opinion of the Court of Appeals in the matter referred to as establishing the hard and fast rule that such property owners are entitled to costs in such a proceeding as this.

If the parties are not entitled to costs, that conclusion disposes of their right to the disbursements for compensation of expert witnesses which were awarded by the order of the court below. If it were necessary to pass upon the question, we should incline to the opinion that these disbursements could not be taxed and that the witnesses would not be entitled to anything more than the ordinary fees allowed those who are subpoenaed to testify upon a trial. *Matter of Town of Hempstead* (36 App. Div. 331; affd., 160 N. Y· 685) does not sustain the respondents' claim. There the expert witnesses were appointed by a justice of the Supreme Court under authority given by section 3 of the General Municipal Law * to a

* Laws of 1892, chap. 685.— [REP.

justice of the Supreme Court to make summary investigation into the financial affairs of a town or village and in his discretion to appoint experts to make such investigation. However, it is not necessary to enlarge upon this subject, except to say that we know of no authority for the allowance of fees of expert witnesses for property owners in a proceeding of this character.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Ingraham, McLaughlin and Laughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.