(70 Misc. Rep. 72.)

## In re PEOPLE.

### In re Acquisition of TOLL BRIDGE.

(Supreme Court, Special Term, Warren County. December, 1910.)

1. TURNPIKES AND TOLL ROADS (§ 38*)—TOLLS—RIGHT TO EXACT.

   Toll cannot be exacted in the highway except by authority of the Legislature, and only a corporation organized in compliance with the statute applicable can exact toll; an individual not being so authorized.

   [Ed. Note.—For other cases, see Turnpikes and Toll Roads, Cent. Dig. §§ 102–105; Dec. Dig. § 38.*]

2. BRIDGES (§ 4*)—TOLL BRIDGE—"PUBLIC HIGHWAY."

   A toll bridge is a "public highway" over which everybody has the right to pass; it being a franchise created for the use and convenience of the traveling public.

   [Ed. Note.—For other cases, see Bridges, Dec. Dig. § 4.*

   For other definitions, see Words and Phrases, vol. 4, pp. 3291–3306; vol. 8, p. 7678.]

3. BRIDGES (§ 15*)—TOLL BRIDGE COMPANY—RIGHT TO ALIENATE PROPERTY.

   A toll bridge company, in the absence of express statutory authority, cannot alienate its property, if by so doing it will be disabled, even partially, from performing the duties which it owes to the public.

   [Ed. Note.—For other cases, see Bridges, Dec. Dig. § 15.*]

4. EMINENT DOMAIN (§ 265*)—CONDEMNATION PROCEEDINGS—COSTS.

   In condemnation proceedings by the state to acquire a toll bridge, under Laws 1909, c. 146, prescribing procedure for acquisition by the state of such bridges, the owner, though not entitled to costs under Code Civ. Proc. § 3372, providing that, where an owner is a resident and not under legal disability to convey title to the property sought to be condemned, he shall be entitled to costs under certain conditions, because such owner is under legal disability to convey title, is entitled to costs under section 3240, providing that costs in a special proceeding in a court of record, where not specially regulated in the act, may be awarded to any party in the discretion of the court at the rates allowed for similar services in an action in the same court, including costs before and after notice of trial and a trial fee, but not to extra allowance of costs.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

Condemnation proceedings by the People for the abolition of a toll bridge. Application by the owner for an order confirming the report of Commissioners and for an extra allowance upon the award. Judgment rendered.

Edward R. O'Malley, Atty. Gen., for the People.

James McPhillips, for respondent Fulsom Landing Central Bridge Co., Limited.

VAN KIRK, J. This is an application made by the owner respondent in the above-entitled matter for an order confirming the report of commissioners and for an extra allowance of 5 per cent. upon the award made by the commissioners, and for such other and further relief in the premises as to the court shall seem just and equitable.

The parties unite in asking for confirmation and for the final order. The Attorney General disputes the right of the respondent to costs on the ground that no costs are recoverable unless under section 3372 of

the Code of Civil Procedure, and that this section does not apply. But, if entitled to costs, the Attorney General does not dispute that respondent is entitled to an extra allowance of 5 per cent.

The respondent urges that section 3372 of the Code does apply and he is entitled to costs thereunder, but takes the position that no other statutes applies. It is uniformly held that no costs are recoverable in any action or proceeding unless provided for by statute. Matter of City of Brooklyn, 148 N. Y. 107, 109, 42 N. E. 413. The act under which this proceeding is taken is chapter 146 of the Laws of 1909, which was amended by chapter 569 of the Laws of 1910. The amendment of 1910 does not affect the question here presented. Chapter 146 of the Laws of 1909, § 265, provides:

"Upon the receipt of said certificate of approval, the Attorney General shall apply to the court in the name of the people of the state of New York for the appointment of a commission to appraise the value of said toll bridge and the franchises thereof and proceed to acquire title to said toll bridge and its franchises and rights in accordance with the provisions of the Code of Civil Procedure for the condemnation of property for public purposes."

In the condemnation law, section 3359 provides:

"Whenever any person is authorized to acquire title to real property for a public use by condemnation, the proceedings for that purpose shall be taken in the manner prescribed in this title."

So far, therefore, as chapter 146 makes provision for acquiring a toll bridge, it is controlling; but all of the provisions of the condemnation law not in conflict with said chapter are applicable, so far as necessary to a complete process for condemnation. Matter of Marsh, 71 N. Y. 315, 317.

Said chapter 146 provides for the following:

(1) A resolution by the board of supervisors of the county that public interests demand the abolition of the toll bridge situate wholly or partly within the county; and, within 10 days after the passage of such resolution, the clerk of the board of supervisors shall transmit a certified copy thereof to the State Commission of Highways.

(2) An investigation by the said Commission of Highways and a determination whether or not the bridge sought to be abolished is of sufficient public importance to come within the provisions of this article and for the certificate of the said Commission of Highways setting forth its approval or disapproval of such resolution; and, if the resolution is approved, the said Commission shall certify its approval to the Attorney General.

(3) The application, by the Attorney General, to the court in the name of the people of the state for the appointment of a commission to appraise the value of the toll bridge and for acquiring the title of the toll bridge in accordance with the provisions of the condemnation law.

(4) When the commission shall have determined the value of the bridge, the Attorney General shall certify such determination to the Comptroller and to the board of supervisors.

(5) Upon the receipt of such certificate, upon a majority vote of the board of supervisors, they shall adopt a resolution approving the purchase of such toll bridge under the provisions of this article and

providing for the payment of the county's share thereof, and shall transmit a certified copy of such resolution to the Comptroller.

(6) One-half of the expense incurred in the condemnation and acquirement of said toll bridge shall be paid by the State Treasurer upon the warrant of the Comptroller; but no such payment shall be made until the county in which the said bridge is situated shall have complied with all the provisions hereof.

In brief, therefore, this chapter 146 provides: (1) For certain preliminary proceedings on the part of the board of supervisors and the State Commission of Highways and the Attorney General before the formal condemnation proceedings shall be taken; (2) for the condemnation proceedings complete; and (3) for the source of payment of the expenses, including the award.

So far this act provides and no further. It does not include any provision intended as a substitute for or as a modification of any essential provision of the condemnation law. The only expression which suggests a modification is in section 265, mentioning "a commission to appraise the value"; but no modification was intended thereby. The meaning of the sentence including said expression is the same as if expressed in this language: "Upon the receipt of such certificate of approval the Attorney General shall apply to the court in the name of the people of the state to acquire title to said toll bridge in accordance with the provisions of the Code of Civil Procedure for the condemnation of property for public purposes." One of the things asked for in the petition under the condemnation to acquire title to property is for the appointment of commissioners; and the addition of the phrase in chapter 146, "for the appointment of a commission to appraise the value of said toll bridge," adds nothing to the meaning of the sentence, because "commission to appraise the value" is meant to be the same as "the commissioners of appraisal to be appointed to ascertain the compensation to be made to the owners for the property so taken," provided for in section 3360 of the condemnation law. The plain intention in chapter 146 was to provide for acquiring the title to toll bridges under the condemnation law, thus recognizing section 3359 of said law. The property is real property and is to be taken for a public use. The proceeding, therefore, for acquiring said property must comply with the condemnation law, from the petition to the final order. Not only do the parties hereto join in the motion for a final order, thus conceding it is proper and necessary, but fair and just determination requires that the finding of the commissioners should be passed upon by the court. The property owner has a right to be heard at every stage of the proceeding, including the hearing before the commissioners as to the value of his property (Matter of the City of Brooklyn, 148 N. Y. 109, 42 N. E. 413); and, when the application is made to the court, the court has a right to say whether or not the award is just and in a specified case may hold that the award is not just and that further hearing must be had (section 3371); and therefore the certificate of the Attorney General of the determination of the commissioners as to value should not be made until after the order of confirmation is made. In this order of confirmation, which is the final order in the proceeding, costs, if any are recoverable, should be provided for. This

would seem to answer the objection raised by the Attorney General that his certificate cannot include the costs, and, not being included in the certificate, no provision is made for the payment of costs.

I conclude that, when the statute provides that the Attorney General shall certify the determination of the commissioners, the meaning is that it shall certify that determination as confirmed. If it has not this meaning, then the order of confirmation would be meaningless, because the court would be required to confirm under any and all circumstances the award as made. In this particular case, a copy of the certificate of the Attorney General is attached to the moving papers; and, in that certificate, in addition to the value as determined, $12,800, it appears that the Attorney General has certified the expenses of the commissioners and also has certified the expenses of the people of the state for copies of the minutes of trial, for witnesses' fees and stenographers' fees, in the sum of $256.34; so that the expense of the state of New York is considered to be one of the items to be included in the certificate of "such determination to the Comptroller." It seems to me it would be a narrow construction of the provisions of section 266 of said chapter 146, "one-half of the expenses incurred in the condemnation and acquirement of said toll bridge shall be paid by the state," etc., to hold that the expenses referred to were the expenses upon one side only. If this construction were adhered to, the result would be that the owner of the property must pay his own expenses, witnesses' fees, and counsel. Such construction would mean that the owner of property, when it is taken away against his will by condemnation for the public use, may receive, not the value of the property, but the value of the property less his necessary expenses in protecting his rights. The court would not accept such construction of the law, unless necessary. Matter of City of Brooklyn, 148 N. Y. 109, 42 N. E. 413. In Matter of City of New York, 125 App. Div. 222, 109 N. Y. Supp. 654, the court said:

"The Constitution (article 1, § 6) requires that private property shall not be taken for public purposes except upon the payment of 'just compensation,' and a man who is forced into court, where he owes no obligation to the party moving against him, cannot be said to have received 'just compensation' for his property if he is put to an expense appreciably important to establish the value of his property. He does not want to sell; the property is taken from him through the exertion of the high powers of the state, and the spirit of the Constitution clearly requires that he shall not be thus compelled to part with what belongs to him without the payment, not alone of the abstract value of the property, but of all the necessary expenses incurred in fixing that value. This would seem to be dictated by sound morals as well as by the spirit of the Constitution, and it will not be presumed that the Legislature has intended to deprive the owner of property of the full protection which belongs to him as a matter of right."

I think therefore that, if costs are recoverable in this proceeding, the provision for the payment of expenses under the certificate of the Attorney General is broad enough to include these costs, and that such certificate should not be made until costs, if any are recoverable, have been taxed and included in the final order.

Section 3372, providing for costs in condemnation proceedings, follows the provision for the final order. Does this section 3372 apply?

The Attorney General urges that, because a toll bridge cannot be acquired by virtue of the provisions of section 3372 of the Code of Civil Procedure, such section cannot apply. "If the bridge cannot be so acquired, it is clear that no costs or allowances can be awarded under said section." The position is this: No toll bridge company can voluntarily sell and convey its property and franchises, and because, under such "legal disability to convey title to real property," costs are not recoverable by any bridge company against which this proceeding is brought under section 3372. Manhattan R. Co. v. McKee, 1 App. Div. 488, 37 N. Y. Supp..269. Toll cannot be exacted in the highway except by authority of the Legislature, and only a corporation organized in compliance with the statute applicable can exact toll. An individual cannot be so authorized. A toll bridge is a public highway over which everybody has the right to pass. 28 Am. & Eng. Ency. of Law (2d Ed.) 243. "It is a franchise created for the use and convenience of the traveling public." People v. San Francisco, etc., R. R. Co., 35 Cal. 619. The general rule is that, in the absence of express statutory authority, such a corporation cannot alienate its property, either by sale, lease, or mortgage, if by so doing it will be disabled even partially from performing the duties which it owes to the public; and that a corporation, without some statute allowing it, can neither sell nor mortgage its franchises. Also lands held upon a special trust for a public use cannot be appropriated to another public use without special authority from the Legislature. Matter of Rochester Water Commissioners, 66 N. Y. 418. In this case at bar special authority is given in said chapter 146. In this special act no authority was given to acquire by voluntary purchase, on behalf of the state or county, the toll bridge and franchises in question, nor was authority given to the toll bridge company to sell. The general condemnation law, incorporated into chapter 146, does not confer such authority. The condemnation law assumes that the petitioner is in a position to make a voluntary purchase of the property sought to be acquired, since he is relieved from costs if he makes a written offer to purchase at a specified price, which is not accepted, and the award does not exceed the sum offered. Matter of City of Brooklyn, 148 N. Y. 111, 42 N. E. 413. And this assumption is expressed in section 3372; but it does not follow that authority in the State Commission of Highways or in the Attorney General to purchase can be implied because this assumption exists, nor can authority in the board of supervisors be implied. So that authority, either to purchase or sell, does not exist in the parties to this proceeding.

Since chapter 146 is an act solely for acquiring toll bridges, the respondent owner must always be a toll bridge company; and, since such a company cannot, unless specially authorized by statute, sell its property and franchises, and since I am unable to find such authority granted to domestic toll bridge companies, and since the plaintiff cannot purchase, no respondent owner, in any proceeding brought under this act, can have costs under section 3372, because "under legal disability to convey title to real property." Manhattan Railway Co. v. McKee, 1 App. Div. 488, 37 N. Y. Supp. 269. To hold, therefore, that

section 3372 applies, would be to hold that the Legislature intended to enact a provision for costs under which no owner, toll bridge company, could ever recover costs. "Laws are presumed to be formed with deliberation and with full knowledge of all existing ones on the same subject." Matter of Simmons, 130 App. Div. 355, 114 N. Y. Supp. 575.

I therefore hold, as plaintiff contends, that the meaning of this act is that section 3372 of the Code does not apply, and that therefore there is not in chapter 146 any provision as to costs. But it is not necessary, therefore, to hold that the Legislature intended, when they passed this act, that a property owner, whose property was to be taken against his will, for a public use, cannot realize the full value of his property as found by the court, because he must himself bear all the expenses of protecting his rights.

Section 3240 of the Code provides:

"Costs in a special proceeding instituted in a court of record, or upon an appeal in a special proceeding, taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party, in the discretion of the court, at the rates allowed for similar services, in an action brought in the same court, or on an appeal from a judgment taken in the same court, and in like manner."

It being above held that the costs are not specially regulated in the Code or in chapter 146, I am disposed to hold that, under section 3240, costs may be allowed to the respondent. This seems to me to be in harmony with the holding in Matter of City of Brooklyn, 148 N. Y. 109, 42 N. E. 413, in which the matter came before the court upon an appeal from an order granting an extra allowance of costs in a condemnation proceeding brought under a special statute. Judge Andrews says:

"A person or corporation, whose property is sought to be taken under condemnation proceedings, is entitled to be heard at every step in the process, and in justice should be compensated, not only for the land or property taken, but should be indemnified against all costs and expenses reasonably incurred either in resisting the appropriation or in the proceeding for ascertaining the compensation to be made. The special statute, under which the proceedings in this case were instituted (chapter 481 of the Laws of 1892), authorized the city of Brooklyn to acquire the property and franchises of the Long Island Water Supply Company, but made no provision for costs or allowances. Costs or allowances for expenses in legal proceedings depend upon statute, and, in the absence of any statute allowing them, none can be recovered. This proceeding was, under the nomenclature of the Code, a special proceeding as distinguished from an action. The Code authorizes costs to be given in a special proceeding at the rates allowed for similar services in an action (section 3240), but makes no provision for extra allowances in terms. The question has arisen whether, under this section, the court is authorized to award allowances in a special proceeding as it may do in an action, and it has been held that the section only refers to costs in actions, and that allowances beyond such sums are not authorized. Matter of Holden, 126 N. Y. 589 [27 N. E. 1063]. This is decisive of the present case."

Then the discussion is continued for the purpose of showing that section 3372 of the Code does not apply to that case. The special act there under consideration provided for a complete scheme for condemnation and made no reference whatever to the condemnation law of the state. So this seems to me to be a direct holding that a condemnation proceeding to which section 3372 does not apply is a special proceeding

in which costs may be allowed under section 3240 of the Code, and that those costs are to be at the rates allowed for similar services in an action brought in the same court.

My attention is called to Matter of Low, 103 App. Div. 530, 93 N. Y. Supp. 262. This decision was in a proceeding under the rapid transit act, and it was concluded that Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413, was not a binding declaration by the Court of Appeals that, in all condemnation proceedings which take place in the state of New York, property owners are entitled to costs against the state. This is correct; costs under section 3240 are in the discretion of the court. 103 App. Div. 530, 93 N. Y. Supp. 262, is not a holding that the decision in the Court of Appeals in 148 N. Y., 42 N. E., is not a controlling authority in this case at bar. It seems to me that its reasoning is entirely applicable, and that costs may be, in the discretion of the court, allowed under section 3240.

This holding is in conflict with concessions made by the attorneys herein, but the Attorney General stated in open court that this is the first case to reach this stage. A decision based upon a concession in a particular case would be of little value as a rule for other cases.

I hold therefore that the provision as to costs in the condemnation law (section 3372) was not intended to apply to this proceeding under chapter 146; but that this is a special proceeding, and, under section 3240 of the Code, costs may be and are herein allowed to the respondent owner at the same rates allowed for similar services in an action brought in the Supreme Court, which are the taxable costs and disbursements to the defendant, including the costs before and after notice of trial, and trial fees, etc., but that no extra allowance of costs is permissible; that these costs must be included in the final order and the certificate of the Attorney General covering the expenses and the amount of the award.

Ordered accordingly.