In the Matter of the Application of the STATE OF NEW YORK to Acquire a Toll Bridge in the County of St. Lawrence.

THOMAS CARMODY, Attorney-General, on Behalf of the State of New York and the County of St. Lawrence, Appellant; BLACK LAKE BRIDGE COMPANY, Respondent.

Third Department, September 11, 1912.

Eminent domain — abolition of toll bridge — practice — approval of board of supervisors not prerequisite to final order — costs — additional allowance to owners.

Where in a proceeding for the abolition of a toll bridge the board of supervisors have passed a resolution to that effect and the State Commission of Highways has certified its approval as required by the statute, and the court has adjudged the condemnation and appointed commissioners, who have made their report as to the amount to be paid to the owners, and the Attorney-General has certified to the supervisors and to the State Comptroller the determination of said Commission and the expenses of the State, the court may make an order confirming the report of the commissioners and adjudging that compensation be made to the owners, and that upon the payment thereof the State should be entitled to enter into possession. This is so although the board of supervisors, having received the certification of the Attorney-General, have not yet passed a resolution approving the purchase as required by section 265 of the Highway Law. The approval required by said section cannot be made until title has been acquired.

Said section 265 of the Highway Law should not be construed so as to require the approval of the supervisors before the final order, as it would be unreasonable for them to provide for payment of the county's share of the expense before it is known whether the award will be confirmed, modified or set aside and what the amount of costs will be.

Although the proceeding for the abolition of such toll bridge is authorized by chapter 146 of the Laws of 1909, title must be acquired under the Condemnation Law.

In general no costs or allowance can be recovered in a legal proceeding in the absence of a statute providing therefor.

In a proceeding for the abolition of a toll bridge, the court has no power to grant the owners an extra allowance where no price for the property was offered to the owner and could not be offered, owing to the fact that the abolition of the bridge included the acquisition of the bridge company's franchise, which could not be sold without statutory authority, which did not exist.

Where the owners of property condemned are under legal disability to convey, the provisions of section 3372 of the Code of Civil Procedure as to costs to the owner where no offer of purchase has been made do

not apply, and hence the court has no authority to direct the owner to recover costs under said section.

Under such circumstances the court may, however, award costs to the owner under section 3240 of the Code of Civil Procedure at the rates allowed in an action in the Supreme Court.

APPEAL by Thomas Carmody, Attorney-General, from an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of St. Lawrence on the 14th day of April, 1911, confirming the report of commissioners in a proceeding for the abolition of a toll bridge and awarding to the bridge company taxable costs and an additional allowance.

*Thomas Carmody, Attorney-General,* and *Franklin Kennedy, Deputy Attorney-General,* for the appellant.

*George E. Van Kennen,* for the respondent.

LYON, J.:

This proceeding for the abolition of a toll bridge in the county of St. Lawrence was instituted in August, 1909, by petition addressed to this court, having been preceded by the passage in June, 1909, by the board of supervisors of a resolution for the abolition of the bridge, and in July, 1909, by the certification of approval by the State Commission of Highways, as required by sections 263 and 264 of the Highway Law. (See Consol. Laws, chap. 25 [Laws of 1909, chap. 30], §§ 263, 264, added by Laws of 1909, chap. 146.) This toll bridge is owned by the Black Lake Bridge Company and crosses the division line between the towns of Morristown and Macomb and connects highways sought to be improved by State aid. Pursuant to the petition above mentioned, no answer having been interposed, the court adjudged that the condemnation of said bridge and franchise was necessary for public use and that the State was entitled to take the bridge and franchise upon making proper compensation therefor and appointed three commissioners to ascertain, appraise and fix the compensation to be made therefor. In November, 1909, the commissioners filed their report, in which they appraised the present value of the bridge, with franchise, right of way and other properties and rights appertaining thereto, for which compensation should

be made, at $26,378.75, and certified their fees and expenses to be $207.49. Early in December, 1909, the Attorney-General certified to the board of supervisors of St. Lawrence county and also to the State Comptroller the determination of said commission and also certified that the expenses of the State upon the condemnation were $166.35. The regularity of the proceedings to this point is not challenged. No further step was taken until in the month of April, 1910, when the bridge company applied at a Special Term of this court for an order confirming the report of the commissioners and for a final order as provided by law, together with an allowance of costs to the bridge company and for such further relief as to the court might seem just and proper. Upon such application the court granted an order confirming the report of the commissioners and ordering and adjudging that compensation be made to said bridge company for the said appraised value of said bridge property and franchise, together with said fees and expenses, and that upon such payment thereof being made, the State should be entitled to enter into the possession of the property condemned. The order also granted costs of the proceeding and an additional allowance to the bridge company. It is from such order that this appeal has been taken by the Attorney-General. Two grounds of reversal are urged by the appellant. *First*, that the granting of the order was premature in that the statute contemplated the adoption by the board of supervisors upon the receipt by such board from the Attorney-General of the said certification of determination of said commissioners, of a resolution approving the purchase of the toll bridge, which has never been passed, and that the passage of such resolution must precede an application for an order confirming the report of the commissioners. *Second*, that the court was without authority to grant taxable costs or an additional allowance.

As to the first ground of objection, section 265 of the Highway Law provides that " The Attorney-General shall apply to the court, in the name of the People of the State, for the appointment of a commission to appraise the value of said toll bridge and the franchise thereof and proceed to acquire title to said toll bridge and its franchise rights in accordance with the

provisions of the Code of Civil Procedure for the condemnation of property for public purposes. When said commission shall have determined the value of such toll bridge, the Attorney-General shall certify such determination to the Comptroller and to the board or boards of supervisors of the county or counties wherein such toll bridge is situated. After the receipt thereof, upon a majority vote of the board or boards of supervisors, they shall adopt a resolution approving the purchase of said toll bridge under the provisions of this article and providing for the payment of the county's share thereof." Thus the statute required the Attorney-General to "proceed to acquire title," and title was required to be acquired under the provisions of the Condemnation Law. (Highway Law, § 265; Code Civ. Proc. § 3359.) While the proceeding was authorized by chapter 146 of the Laws of 1909, that law in no way modified or dispensed with any of the provisions of the Condemnation Law for acquiring title, and it was indispensable to the acquiring of title under the Condemnation Law that an order be obtained confirming the report of the commissioners, and that a final order be entered in the proceeding. (Code Civ. Proc. § 3371; *Schneider* v. *City of Rochester*, 90 Hun, 171.)

Section 265 also required the board of supervisors to adopt a resolution "approving the purchase," but the purchase could not be approved until the title had been acquired. The necessity, therefore, existed for obtaining the order of confirmation of the report of the commissioners prior to the taking of the vote by the board of supervisors, and the granting of the order appealed from was not premature.

Furthermore, the construction of section 265 contended for by appellant would also seem to be unreasonable in requiring the board of supervisors to provide for the payment of the county's share of the expense before it was known whether the award would be confirmed or modified or set aside, and whether if confirmed costs would be added and to what amount.

As to the authority of the court to grant taxable costs and an additional allowance, the court by the order of confirmation awarded the bridge company "the costs of the proceeding to be taxed by the clerk at the same rate as is allowed of course

to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial, together with the sum of $300 additional allowance of costs." It is the contention of the appellant that inasmuch as chapter 146 of the Laws of 1909 made no provision for an allowance of costs, the court had no authority to grant any costs whatever. Beyond question, in the absence of a statute providing for costs or allowances for expenses in legal proceedings, none can be recovered. (*Matter of City of Brooklyn*, 148 N. Y. 107.)

The power to award costs in special proceedings, unless otherwise specially provided, was fixed and limited by section 3240 of the Code of Civil Procedure, and under that section the court had no power to grant an extra allowance. (*Matter of Holden*, 126 N. Y. 589.)

The right of the court to grant an extra allowance must be found, if at all, in the provision of section 3372 of the Code of Civil Procedure, to the effect that where the compensation awarded shall exceed the price offered for the property, with interest, or if no offer was made, the court shall in the final order award costs to the defendant. Concededly no offer was made in this proceeding, and the property sought to be acquired, and for which compensation was to be made by the State, the county and the towns, included the franchise of the bridge company, which could not be sold without statutory authority, which did not exist; hence no offer to purchase could have been made. (*Carpenter* v. *Black Hawk Gold Mining Co.*, 65 N. Y. 43; 10 Cyc. 1090; *Matter of Rochester Water Commissioners*, 66 N. Y. 413.)

Where the owners are under legal disability to convey, the provision of section 3372 awarding costs to the defendant where no offer was made does not apply, and hence the court had no authority under that section to direct that the defendant recover costs of the plaintiff. (*Manhattan Railway Co.* v. *McKee*, 1 App. Div. 488.)

However, the court had authority to award costs to the defendant under section 3240 of the Code of Civil Procedure, at the rates allowed for similar services in an action brought in this court. Such was the holding in *Matter of City of*

*Brooklyn* (148 N. Y. 107), where the condemnation proceedings were under a special statute containing no provision for costs or allowances.

The taxable costs awarded by the court being within the provisions of section 3240 were proper.

The order appealed from should be modified by striking therefrom the provision for an extra allowance of costs, and as so modified should be affirmed.

All concurred.

Final order modified by striking out provision for extra allowance of costs, and as so modified affirmed, without costs.