Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK to Acquire a Toll Bridge across the Hudson River between the Village of Mechanicville and the Town of Schaghticoke, and now Owned by the MECHANICVILLE BRIDGE COMPANY.

(Supreme Court, Saratoga Special Term, December, 1913.)

Bridges — confirmation of award by commissioners appointed to appraise value of toll bridge and franchise — estimation of damages to bridge caused by flood in Hudson river.

After the confirmation of an award of $24,804.63 by commissioners appointed to appraise the value of the toll bridge and franchise of the Mechanicville Bridge Company, in proceedings regularly taken under the Highway Law, but before the transfer of title, the bridge was seriously damaged by a flood in the Hudson river.  The cost of repairing the bridge was about $6,000 and the confirmation of a second award which exceeded the first by about $300 was opposed by the bridge company as inadequate.  Held, that as neither the record nor the report of the commissioners disclosed that any wrong principle was applied by them in estimating the damages the motion to confirm the report and award will be granted.

MOTION to confirm the report of commissioners appointed to appraise the value of toll bridge and franchise of Mechanicville Bridge Company.

Thomas Carmody, attorney-general, Wilber W. Chambers, deputy, for motion.

Oscar Warner (William E. Bennett, of counsel), opposed.

VAN KIRK, J.    This is a motion to confirm the report of commissioners appointed to appraise the value of the toll bridge and franchises of the Mechanicville Bridge Company.    All of the proceedings have been regularly taken under the Highway Law (§§ 263–267), and the commissioners, having heard the evidence and viewed the premises, have made an award for the bridge and franchises in the sum of $24,804.63.

The same commissioners had made a prior award in the sum of $24,506.92.    This award, upon motion of the bridge company, was confirmed by the court.    Before the transfer of title a flood in the Hudson river seriously damaged the bridge.    Thereupon a motion to vacate the order of confirmation and the award was granted.  *Matter of Mechanicville Bridge Co.*, 81 Misc. Rep. 324.    It was accepted upon the argument and is justified in the evidence that the cost of repairing the said damage was about $6,000.    The second award exceeds the first by about $300, and the bridge company, which before moved to confirm the award, now opposes the confirmation of the second award because inadequate.    The evidence discloses that the bridge as repaired is stronger than formerly, because the pier, which had been weakened by the flood, has now been constructed down to the rock, whereas before it rested upon gravel.    It was a fair question for the commis-

sioners whether or not this extraordinary repair had increased the value of the bridge and franchises, and the second award exceeds the first by about $300. The same evidence, given before the commissioners, upon which the first award was made, was by stipulation introduced for the purposes of the second award; and the commissioners have found that the value of the bridge and franchises after the repairs exceeded the value, as the bridge stood at the time of the first award, by only $300. The confirmation of the first award upon application of the bridge company was a fair determination that this evidence justifies the award made. The fact that the bridge company has lost $6,000 by the forces of nature is not a reason why the award should be increased. To so hold would be to disregard the holding of this court (*Matter of Mechanicville Bridge Co., supra*), that the loss must fall upon the bridge company rather than upon the state and the counties.

Under the Highway Law (§ 265) the commissioners are to " appraise the value of the toll bridge and the franchises thereof." The proceeding to acquire title to the toll bridge and its franchise rights is to be in accordance with the provisions of the Code of Civil Procedure for the condemnation of property for public purposes. By section 3371 of the Code of Civil Procedure, upon a motion to confirm, " the court may confirm the report, or may set it aside for irregularity, or for error of law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient." But confirmation will not be refused for error in excluding or receiving evidence or for error in law other than the adoption of a wrong principle in estimating damages (*Harlem River & P. R. R. Co.* v. *Reynolds*, 50 App. Div. 575; *Village of Port Henry* v. *Kidder*, 39 id. 640; *Matter of Mayor,*

99 N. Y. 569), and to set aside the award for inadequacy the evidence must disclose that the award is grossly inadequate and such as shocks the sense of justice. *Matter of Gilroy*, 78 Hun, 260; *Akin* v. *Water Commissioners*, 82 id. 265. The report of the commissioners does not disclose that any wrong principle was applied by the commission in estimating the damages. Nor does the record disclose any such error. It must, therefore, be presumed that the commissioners acted within the law and followed the proper rules which govern in estimating the award. *Harlem River & P. R. R. Co.* v. *Reynolds*, 50 App. Div. 575.

Nor is the court justified in refusing to confirm the award on the ground that the amount is inadequate. An examination of the briefs of counsel and of the record discloses that the award is fairly within the evidence in the case; and, in addition to the written record, the court must have in mind that the commissioners are required to and did view the bridge itself and the surrounding conditions. It seems to be conceded upon the argument that the franchise of the company extends to 1937, that is, it has a life of about twenty-four years. At the expiration of the franchise the corporation, if the franchise be not renewed, becomes insolvent because the time limited in the franchise has expired. No judicial determination of that fact is requisite, and the bridge thereafter becomes a part of the public highway, with the same effect as if laid out by the commissioners of highways of the town and is subject to the laws relating to highways and the erection, repairing and preservation of bridges thereon. *Sturges* v. *Vanderbilt*, 73 N. Y. 384; Transp. Corp. Law, § 149. Taking these facts into account, also the amount of the net earnings of the corporation, the traffic upon the bridge, the fact that recently extraordinary repairs to the amount of $6,000 were

required, and that in 1899 repairs were required to the extent of $2,000, and recognizing that the net earnings of the company can only be reckoned after all the requisite repairs that may in the future be required have been deducted, the court cannot say that the award is either inadequate or unjust or unfair to the bridge company. The court is not to fix the amount of the award as an original finding, and the question is not presented whether or not the court would have made an award in the same amount.

An order confirming the award may, therefore, be entered.

Costs are awarded to the bridge company; the same to be taxed by the clerk of Saratoga county as allowed to a defendant in an action in the Supreme Court, viz., the costs before and after notice of trial, the trial fee, etc. *Matter of State of New York*, 152 App. Div. 633; affd., 297 N. Y. 582; *Matter of People of the State of New York*, 70 Misc. Rep. 72.

Ordered accordingly.